THE CITY OF TOPEKA v. MARY A. HIGH.
**No. 271.**

1. DEFECTIVE SIDEWALK—*action for injury from, evidence as to what injured party said at time of accident, admissible.* In an action against a city for the recovery of damages sustained by reason of an injury caused by a defective sidewalk, it is not error to allow a witness to testify as to what the injured party said immediately after the accident, as to where she was hurt ; neither was it error to allow the injured party to testify that she was unable to sleep while suffering from such injury.

2. ——— *condition of, four years prior to accident, inadmissible.* While it was not competent to show the condition, four years prior to the accident, of the board sidewalk where the accident occurred, the admission of such evidence was not reversible error in this case.

3. ——— *instruction that if plaintiff had opportunity to know of, and unnecessarily used, city not liable, properly refused.* The court did not err in refusing to give the following instruction : "If you find from the evidence that the sidewalk complained of was in said defective and dangerous condition, that the

CITY OF TOPEKA v. HIGH.        163

Dec. 18, 1897.        Opinion.   Wells, J.        E. Div.

same was open and notorious and had been in such condition for a long time prior thereto, and that plaintiff had had opportunity prior to the date of such injury to know the condition thereof, and if you further find that on the opposite side of the street and in plaintiff's usual line of travel there was a safe sidewalk, then I charge you that plaintiff used such defective sidewalk at her peril and that you should find for the defendant."

Error from Shawnee Circuit Court.  Hon. J. B. Johnson, Judge.  Opinion filed December 18, 1897. *Affirmed*.

*W. A. S. Bird*, City Attorney, for plaintiff in error. *Fuller & Whitcomb*, for defendant in error.

WELLS, J.  This action was originally brought in the Circuit Court of Shawnee County by the defendant in error, to recover, from the City of Topeka, damages alleged to have been sustained by her on account of a loose board in a sidewalk flying up and tripping her and causing her to fall.  The case was tried to the court and a jury, and a verdict given for the plaintiff in the sum of fifteen hundred dollars damages.  A motion for a new trial was duly made and overruled, and the case brought here for review.

There are two assignments of error: *First*, in admitting certain testimony over the objection of the defendant below; *second*, in refusing to submit to the jury certain instructions asked by the defendant below.

The first testimony objected to was Mrs. High's evidence that she could not sleep nights.  She had previously testified that in the earlier stages of her disability she could not sleep on account of the pain, and then said that, on the fourth of December, the doctor put her knee in a cast and kept it on for seven weeks; she had just said that during this time it

164          CITY OF TOPEKA v. HIGH.

N. Dept.                Opinion.   Wells, J.          6 Kan. App.

pained her.    Then followed the question and answer
complained of, and these were immediately followed
by the statement that her health had previously been
good.    We think this evidence was competent.    The
next evidence complained of was that of J. F. Roter,
who was present when the injury happened and de-
tailed the circumstances of the accident.    He had said
that he assisted Mrs. High to her feet, and that she
complained of being hurt, when he was asked, '' Where
did she complain of being hurt,'' and answered, '' She
said her knee was hurt.''    We see no reversible error
in this.

The next objection is more difficult to satisfactorily
answer.    J. W. Allen was permitted to testify to the
condition of the sidewalk some three or four years
prior to the accident.    This we think was error.    The
condition that a sidewalk made of inch boards was in
four years ago, is no evidence of its condition to-day.
The common experience of men is all that need be ap-
pealed to on that proposition, and the only question
is, Could this evidence have prejudiced the rights of
the defendant?    There was an abundance of evidence
that the sidewalk was in a bad condition at the time
of the accident, and that it had been so for such a
length of time that the authorities of the City should
have known and remedied it.    We cannot see how the
City could have been injured by the objectionable evi-
dence.

The second assignment of error is the court's re-
fusal to instruct the jury as asked by the defendant.
The instruction asked was on the ground of contribu-
tory negligence, and the law on that subject was fully
covered by the instruction given.    Under the undis-
puted evidence in this case, we do not think that the
jury would have been justified in finding a verdict for

the defendant. The judgment rendered is in harmony with the evidence, and we see no reversible error in the record before us.

The judgment of the Circuit Court will be affirmed.