HATTIE WILLIAMS, *Appellant*, v. THE ATCHISON, TO-
PEKA & SANTA FE RAILROAD COMPANY et al., *Ap-
pellees.**

No. 10,756.

HEADNOTE BY THE REPORTER.

CONTRIBUTORY NEGLIGENCE—*Railroad Crossing—Gates Not Low-
ered.* Whether a pedestrian traveling on a public street, in
attempting to cross railroad tracks at a point where gates
were erected but not lowered, was in the exercise of due care
for his safety was a question of fact for the jury.

Appeal from Reno district court. Opinion filed July
8, 1898. Reversed.

*C. M. Williams*, of Hutchinson, for the appellant.

*A. A. Hurd*, of Topeka, and *Stambaugh & Hurd*, of
Abilene, for the appellees.

*Per Curiam.:* Joseph L. Williams was struck and
killed by a car of the Atchison, Topeka & Santa Fe
Railroad Company at a crossing in Hutchinson. He
was traveling south on Main street, across which two
railroad tracks were laid, one called the main track
and the other a side or passing track. He first reached
the sidetrack, upon which a freight train stood, but
which had been cut at the Main-street crossing. The
engine, with the greater part of the train, was east of
the street, and the rear cars of the divided train were
on the west side of the street. Williams passed along
the street and over the track, but a few feet further
south he found a freight train passing over the main
track. While standing close to the passing track, wait-
ing for the train on the main track to pass over the
street, the front portion of the divided train was
backed against him, whereby he was killed.

*NOTE.—This case was not officially reported (59 Kan. 777)
when the opinion was filed and is reported here because it is
cited in the case of *McClain v. Railway Co.*, ante, p. 24.

Main street is one of the thoroughfares of the city, and the railroad company maintains and operates gates at this crossing, and keeps a flagman there. According to the testimony, the gates were not closed at the time of the accident, and no flagman was at the crossing, nor were there any of the employees of the company on the rear of the train or near to it to give signals or notice that the train was backing or about to pass over the crossing. No bells were rung, whistles sounded, or other signals given of the backing of this train.

Hattie Williams, the widow, brought this action for the recovery of damages, and after her testimony was introduced the court sustained a demurrer thereto, and gave judgment for the defendant.

The testimony certainly tends to show negligence on the part of the railroad company. That the company was negligent was not denied, but it is contended that Williams' death resulted from his own want of ordinary care. If contributory negligence is shown by the plaintiff's own testimony, the court was justified in sustaining the demurrer; but it can not be done unless the court is able to say as a matter of law that contributory negligence was shown. We think the testimony was sufficient to take the case to the jury. While Williams was bound to use care and caution to avoid injury at the crossing, and while he might easily have taken a position between the two tracks where there would have been no danger of collision, there are some circumstances which can not be overlooked in determining whether he exercised a degree of care such as a man of ordinary prudence would have exercised under similar circumstances. It does not appear whether he observed that there was an engine attached to the cars upon the sidetracks, nor that there was any brakeman or other employee on or about the cars which would indicate that they were about to be moved. The train being divided and the street clear

was in effect a notice to travelers that they might pass over the track. His attention was drawn to the moving train, and he appears to have been looking in that direction when he was struck. The noise of the moving train immediately in front of him might tend to prevent his hearing the movement of the train on the sidetrack, or he might have supposed that the noise of the cars on the passing track was made by the moving cars on the main track. The fact, if it be a fact, that no signals were given, that the gates were open, and no flagman or other employee on or about the train on the passing track, might tend to lull him into a feeling of security and cause him to assume that there was no purpose of moving the cars on that track. In determining the demurrer all reasonable inferences that might be drawn from the testimony must be allowed in his favor, and when the testimony is so considered it can not be said as a matter of law that he was guilty of contributory negligence. We have no disposition to relax the rule that a person about to cross a railroad track must make a vigilant use of his senses in order to ascertain whether there is a present danger in crossing. He is bound to recognize that a railroad crossing is a place of danger, and a failure to use due care and caution to avoid injury will bar a recovery. But where the facts, as in this case, are such as to lead different persons to different conclusions in regard to whether the injured person exercised the degree of care which a man of ordinary prudence would have exercised under similar circumstances, they must be submitted to the determination of the jury.

The judgment will be reversed and the cause remanded for a new trial.