| 67 | 77 |
| e69 | 625 |

| 67 | 77 |
| 72 | 425 |
| 73 | 223 |
| t74 | 854 |

| 67 | 77i |
| t75 | 815 |

## IDA M. ZIRKLE v. MISSOURI PACIFIC RAILWAY COMPANY.

**No. 13,111.**   ( 72 Pac. 539.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing.* A person who stands on a railway-track engaged in conversation, with his back turned toward a string of stationary freight-cars about fifty feet distant on the same track, which he has seen, is guilty of such contributory negligence that no recovery can be had for his death caused by the sudden movement of the cars toward and against him without warning. The fact that deceased was waiting for another train to pass, which barred his way, cannot excuse his negligent act.

Error from Leavenworth district court; J. H. GILL-PATRICK, judge. Opinion filed May 9, 1903. Affirmed.

*John H. Atwood*, and *J. C. Petherbridge*, for plaintiff in error.

*Waggener, Doster & Orr*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Paul B. Zirkle was killed by the cars of the Missouri Pacific Railway Company. In an action by his wife against the company to recover her pecuniary loss, the court below sustained a demurrer to the evidence introduced in support of plaintiff's case. She has come here complaining that such ruling was erroneous.

The circumstances of the accident may be briefly stated. Cherokee street in the city of Leavenworth runs west from the Missouri river. Near its eastern terminus three tracks of the Missouri Pacific Railway Company cross it at right angles. The deceased in the night-time was walking toward the west in company with a companion named Spangler. They crossed the first track, which ran through a railway

freight-house situated south of them. Reaching the second track, which was laid along the west side of the freight-house, they stopped to permit a moving train to pass, which occupied the third track immediately in their path. The second track, on or close to which Zirkle stood when he was run down, was used chiefly for the storage of freight-cars. When Spangler and the deceased stopped they noticed a string of box cars standing south of them about forty-five feet distant. Each had a lantern and there were two electric arc-lights burning 200 feet away. Zirkle was a telegraph operator in the employ of the Union Pacific Railway Company, and had been working for two years in a building about eighty feet from the freight-house above mentioned of defendant in error. He had often crossed these tracks.

At the time of the accident Zirkle and his companion were standing between, or close to, the rails, facing north, with their backs toward the freight-cars south of them, engaged in conversation. There was ample space between the outside rails of the tracks where two persons might have waited, free from danger. While in this position, and so occupied, the freight-cars were moved north. Zirkle was struck and killed.

Spangler testified as a witness for plaintiff below. He said there was plenty of room between track No. 2 and the next one west; that the space was planked; that Zirkle's attention was called to the standing cars south of them. We give a few answers in the words of the witness upon cross-examination:

"Ques. So at all events, when you and he stepped in between the rails of this track, you deliberately turned your backs upon these cars and stood there while these cars moved at least fifty feet? Ans. Yes, sir.

"Q.  Without looking in that direction?   A.  Yes, sir.

"Q.  Without taking any precaution to see whether they were coming?   A.  Yes, sir.

"Q.  Without any necessity for it?   A.  Yes, sir.

"Q.  You did it voluntarily?   A.  Yes, sir.

. He responded to plaintiff's counsel as follows :

"Q.  At what time did you suppose they would move?   A.  Well, I hardly thought they would move before this train (the train in front of them) got out of the way."

Counsel for plaintiff below base their claim of error on the fact that there was testimony tending to prove that the moving train in front of Zirkle, which obstructed his passage westward, made considerable noise ; that the cars on the storage track were suddenly backed without warning ; that in violation of a city ordinance the railway company neglected to keep a flagman to guard the crossing ; that there were no lights on the rear end of the freight-train, and when Zirkle approached the crossing he could see the standing cars, but whether an engine was attached to them could not be discerned by reason of the intervening freight depot, which obstructed his view.

We are well satisfied that the trial court did not err in sustaining the demurrer to the evidence.   This court has often said that a railroad-track itself is a warning of danger, and that a person about to cross it must keep his faculties of sight and hearing in active exercise.   In the present case the deceased turned his back in the direction from which the danger came, and was absorbed in conversation.   His conduct negatived all suggestion of vigilance and showed a negligent disregard of the perils surrounding him. The fact that the freight-train which struck him was

standing still on what was called the storage track forty-five feet distant when he started over the crossing was not an assurance that it would remain stationary.

The wheels of a railway-car, adapted solely for the purposes of locomotion, are signals that the car may be moved at any time, as the wings of a bird indicate that it is prepared to fly. The indifference shown by the deceased in turning his back toward the train which ran upon him, and taking a position on the track where death or great bodily injury was inevitable if the cars moved to the place where he stood without diverting his attention from the conversation which engaged him, constituted contributory negligence which cannot be excused. If negligence on the part of the company be conceded, the admission would not avail the plaintiff in error. (*Collins v. B. C. R. & N. Ry. Co.*, 83 Iowa, 346, 49 N. W. 848.)

In the case of *Williams v. Atchison, T. & S. F. R. Co. et al.*, 53 Pac. 834, a *per curiam* opinion was handed down by this court on which counsel for plaintiff in error rely. In that case a traveler on a street was killed by the coming together of a divided train which stood over a crossing. The company was held to be negligent. By separating the train there was an implied assurance by the railway company that it was safe to cross, and that the open space would not be closed suddenly or without warning. (*L. N. O. & T. R. R. Co. v. Thompson*, 64 Miss. 584, 1 South. 840.)

The judgment of the district court will be affirmed.

All the Justices concurring.