### THE CITY OF GARNETT V. WILLIAM V. SMITH.
#### No. 14,281.    (83 Pac. 615.)

1. PETITION — *Personal Injury — Allegations Sufficiently Definite.* The allegations of a petition in an action against a city for damages resulting from a defective sidewalk held to be sufficiently definite as to the place where plaintiff received his injuries, and as to their nature and extent.

2. MUNICIPAL CORPORATIONS — *Defective Sidewalk — Contributory Negligence.* It was held not to be contributory negligence *per se* for one to walk upon a sidewalk which he knows is defective.

3. PRACTICE, DISTRICT COURT—*Instructions.* It was held not error to refuse to give proper instructions requested by the defendant, because the court gave other instructions that properly stated the law as to the points involved.

Error from Anderson district court; CHARLES A. SMART, judge. Opinion filed November 11, 1905. Affirmed.

*J. G. Johnson,* and *W. O. Knight,* for plaintiff in error.

*Manford Schoonover,* for defendant in error.

*Per Curiam:* William V. Smith recovered judgment against the city of Garnett for damage resulting to him from falling on a defective sidewalk. The petition stated :

"That . . . a certain public highway and street, known and designated as Seventh avenue, was, at the time the plaintiff received the injuries herein complained of, and for a long time prior thereto . . . had been, a public highway and street; . . . that along the south side of said avenue, street, and highway, and along the north side of lot eleven (11), in block seventy-three (73), in said city of Garnett, there was at the time of the injury hereinafter complained of, and a long time prior thereto, a certain sidewalk used by said city for the free use and passage of all persons on foot and at all times; . . . that on August 29, 1902, while passing over, along and upon

Garnett v. Smith.

said sidewalk and street, without fault or negligence upon his part, plaintiff was tripped by one of the loose boards of said sidewalk at the point on said street as aforesaid."

These allegations are sufficiently definite as to the place on the sidewalk where the plaintiff received his injuries.

In respect to his injuries the petition stated that plaintiff "was thrown with great force and violence to the ground—knocked down—and two ribs on his right side broken or fractured, his left knee dislocated, his right arm strained, and the right side of his back, just above his right kidney, bruised." No error was committed by the court in refusing to require plaintiff to make his petition more definite in this particular. From these allegations the defendant was sufficiently informed of the plaintiff's injuries to have a physician examine these parts to ascertain if any injuries had been sustained, and their extent.

The court overruled the defendant's demurrer to the plaintiff's evidence. Error is predicated on this. It is the theory of the defendant that the evidence introduced by the plaintiff proves that he was guilty of contributory negligence in going upon this walk, which he knew was defective, when by crossing the street he might have traveled upon a perfectly safe walk. It is not contributory negligence for one to walk upon a defective sidewalk; in doing so, however, he must exercise ordinary care—such care as an ordinarily prudent man would exercise under similar circumstances. (*Langan v. City of Atchison,* 35 Kan. 318, 11 Pac. 38; *City of Emporia v. Schmidling,* 33 Kan. 485, 6 Pac. 893; *Maultby v. City of Leavenworth,* 28 Kan. 745; *City of Topeka v. High,* 6 Kan. App. 162, 51 Pac. 306; *City of Wichita v. Coggshall,* 3 Kan. App. 540, 43 Pac. 842; *Osage City v. Brown,* 27 Kan. 74.)

It is also contended that the court erred in refusing to give certain instructions. These referred to the duty imposed upon the plaintiff to exercise care in

traveling upon a sidewalk that he knew to be defective. While these instructions may have stated the law correctly, the court did not omit to give proper instructions upon this question. Therefore, there was no prejudicial error in refusing to give those asked by the defendant.

The judgment is affirmed.