ELLA HOOPES V. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY.

No. 14,351.   (83 Pac. 987.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing—Contributory Negligence—Demurrer to Evidence.* Deceased was killed at a railway-crossing in a public street. He had crossed two tracks and stood waiting for a freight-train passing west on the third track, directly in front of him, and, while looking at the passing freight-train, was struck by a train coming from the west upon the second track, close to which he was standing. The clear space between the passing trains was six feet. Except for the rays of the setting sun, his view of the incoming train was unobstructed for half a mile, if he had looked west. He was familiar with the tracks and surroundings. These facts appeared by plaintiff's evidence. A demurrer to the evidence was properly sustained. The rule in *Railway Co. v. Withers,* 69 Kan. 620, 77 Pac. 542, 78 Pac. 451, governs, and the contributory negligence of deceased bars a recovery.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed December 9, 1905. Affirmed.

*Kellogg & Madden,* for plaintiff in error.

*W. R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff's husband was killed at a railway-crossing one block west of the passenger-station in the city of Emporia, where defendant company has three tracks extending east and west on Third avenue. The north track is for west-bound trains, the middle one for east-bound trains, and the south one for trains in either direction from the railway yards, which lie immediately west of the street-crossing. The middle track extends straight west for more than half a mile. In the evening Mr. Hoopes was returning from his work to his home, which was south of the tracks. He came to the crossing on the east side of the street, and

started diagonally to the southwest corner, in order to get upon the west side of the street and across the tracks. After passing over the north and middle tracks his further passage was obstructed by a freight-train going west on the south track, directly in front of him. While waiting for the train to pass he stepped between the middle and south tracks, but stood very near to the south rail of the middle track, and was struck by the steam-chest of the engine of the fast mail going east on the middle track, hurled against the moving freight-train, and by it thrown back under the wheels of the fast mail and killed. The trial court sustained a demurrer to plaintiff's evidence, and plaintiff brings error upon the ground that the case should have gone to the jury.

The mail train was running at the rate of thirty miles an hour, without ringing the bell or sounding the whistle, and its negligence, as the case stood at the close of plaintiff's testimony, is conceded. The only question, however, is whether the contributory negligence of plaintiff's husband was such as to bar her right to recover. (*U. P. Rly. Co. v. Adams,* 33 Kan. 427, 6 Pac. 529; *Dewald v. K. C. Ft. S. & G. Rld. Co.,* 44 Kan. 586, 24 Pac. 1101, and cases cited.) It appears that the clear space between the tracks was about nine feet, and between the passing trains six feet. Mr. Hicks, who was a witness, attempted to cross the tracks from the same direction and side of the street and at the same time as the plaintiff's husband, except that he stopped on the east side of the street, between the same tracks, waiting for the freight-train to pass, and when the fast mail came in from the west was standing about twenty feet east of Hoopes, but not so close to the middle track. He likewise failed to observe the approach of the train from the west until about the instant it struck deceased, and barely saved himself by stepping away from the middle track and nearer the passing freight. He testified that the sun was low in the west at the

time, and that a person looking in that direction would be blinded by the sun and prevented from seeing the approaching train. Other witnesses testified that Mr. Hoopes walked a short distance west in the space between the tracks before the fast mail came in, but had turned and was looking at the passing freight when he was struck.

This case cannot be distinguished from that of *Railway Co. v. Withers*, 69 Kan. 620, 77 Pac. 542, 78 Pac. 451. In that case Withers, in company with another person, started along a sidewalk at a railway-crossing going to his home. As they came near one track they observed a train switching along another track, which obstructed their progress and caused them to halt on or near the first track. The court said:

"Much evidence was introduced to show that the deceased men were standing upon track 4; it seems highly probable that they were, though the jury found that they were not; but whether they were exactly upon the track or not seems of small moment, for the fact is that if they were not between the rails they were in a place of equal danger. It was not necessary for them to stand in a place of danger, as they could have stopped west of track 4, or could have safely stood between tracks 3 and 4. . . . We are of the opinion that the facts shown clearly prove the culpable negligence of the deceased, and that the company was thereby relieved from liability for their death. They knew the conditions which surrounded them. They were in the full possession of their faculties. They knew they were within the limits of the yards, with its many tracks. They saw one train occupying the track in front of them. They knew that the other tracks were in frequent use for a like purpose, and that at any moment any one of the other tracks might be occupied by moving cars. They knew that to stand upon a track, or near enough to one to be hit by a moving car, was a dangerous position. Knowing all these things, and being plainly warned that they were in and upon this network of tracks, it was their plainest duty to see to it that they did not halt in a place of danger. There was ample room for them to stop in a place of safety; others did so." (Pages 623, 624.)

Counsel for plaintiff in error contend that certain facts take this case out of the rule governing the Withers case. It is urged that the rays of the setting sun shining directly in his face, if he looked to the west, prevented deceased from discovering the approach of the train; that it is a fair inference from the evidence that he became momentarily confused by the noise of the passing freight; and that whether he was, under these circumstances, guilty of contributory negligence was for the jury to determine. But it must be presumed that no one knew better than the deceased the fact that, by reason of the position of the sun in the west, he would be prevented from seeing a train that might be coming from that direction; and it therefore became more than ever incumbent upon him to seek a place of safety—which was so plainly open to him— by either standing midway between the tracks upon which the trains actually passed or by stepping back to the space between the middle track and the north track. He was familiar with the tracks and the conditions surrounding him, and in full possession of his senses at the time he took his position in a dangerous place, where it was not necessary for him to stand. (*Railroad Co. v. Willey*, 60 Kan. 819, 58 Pac. 472. See, also, *Zirkle v. Railway Co.* 67 Kan. 77, 72 Pac. 539; *Libbey v. Railway Co.*, 69 Kan. 869, 77 Pac. 541.)

The evidence hardly warrants the claim that Hoopes became momentarily confused and bewildered. It appears that when he was struck he was standing looking south toward the freight-train, and, so far as the evidence discloses, knew nothing of the approach of the train that killed him. In a case where the person injured is placed in peril through the negligence of another, and there is evidence from which it might be inferred that he became confused and bewildered by the sudden and impending danger, it is ordinarily for the jury to say whether, under the circumstances, he acted with reasonable care. But "when two ways are open to a person, one of which is obviously safe and

the other plainly dangerous, and he voluntarily chooses the latter, he will ordinarily do so at his peril." (*Railroad Co. v. Brock,* 69 Kan. 448, 450, 77 Pac. 86.)

The view taken by the trial court is sustained by so many rulings of this court that it seems unnecessary to refer to more of them. The judgment is affirmed.

All the Justices concurring.