JOSEPH LIMB *et ux.* V. THE KANSAS CITY, FORT SCOTT
& MEMPHIS RAILROAD COMPANY.

No. 14,352.    (84 Pac. 136.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Trespasser—Contributory Negligence.*  A
person who for his own convenience walks on the main track
of a railroad, and does not look or listen, or take any precau-
tion for his own safety, and while so walking is injured, is
guilty of contributory negligence which will bar a recovery of
damages for such injury.

Error from Cherokee district court; WILLIAM B.
GLASSE, judge.   Opinion filed March 10, 1906.   Af-
firmed.

*Blue & Hamilton,* and *H. A. Forkner,* for plaintiffs.
in error.

*L. F. Parker,* and *Pratt, Dana & Black,* for defend-
ant in error.

The opinion of the court was delivered by

GRAVES, J.:   About March 28, 1900, David Limb, a.
boy about sixteen years of age, was run over and killed
by the cars of the defendant in error, at the town of
Scammon, in Cherokee county, Kansas.   Joseph Limb
and Annie Limb, the parents of the deceased, brought.
this action, August 3, 1900, in the district court of that.
county, to recover damages suffered by them on ac-
count of the loss of their son.   At the trial a demurrer
to the evidence was sustained, and a judgment entered
for the defendant.   The plaintiffs excepted, and bring
the case here, assigning this order and judgment of
the district court as error.

The facts may be briefly stated, as follow:   Scam-
mon is a small mining village located on both sides of
the defendant's railroad.   Coal-mines are on the east
side of the track.   Many of the miners live on the west
side thereof.   The miners, in going to and from their

work, and school children and other citizens have for
many years crossed over the railroad-tracks and right
of way freely and promiscuously, resulting in paths
having become worn in many places.    No objection
had been made by the defendant to this use of its
grounds.

David Limb, the deceased, lived in the west part of
town, and had been at work in the mines about four
years prior to his death, during which time he passed
over and across the railroad-tracks and grounds at his
convenience.    The depot was situated between the
main track on the west and the switch, or house-track,
on the east.    These two tracks came together about
700 feet south of the depot.

About twenty feet south of the depot platform was
a crossing over the main track.    Between the house-
and main tracks was a traveled pathway extending
from a street, which crossed the railroad south of the
switch, and ran north to this crossing near the depot.
It was convenient for the miners who lived west of the
railroad to come from their work up the traveled path
between the two tracks to the crossing near the depot
and then cross over the main track.    There was noth-
ing, however, to prevent them from crossing at any
place.    About two o'clock in the afternoon of the day
of the injury David Limb walked up from the south
between the two tracks, near the main track, appar-
ently intending to cross at the crossing near the depot.
While so traveling a freight-train came in from the
south and passed him.    While the train was passing
the caboose and a box car were detached from the
moving train, but followed after by reason of the mo-
mentum acquired before they were detached.    The
front end of the train passed north beyond the depot.
When it passed the deceased the caboose and box car
were a short distance behind him, moving slowly north.
As soon as the main part of the train passed the de-
ceased apparently assumed that it was the entire train
and stepped upon the end of the ties and followed it

without noticing the cars coming behind him. He was soon overtaken by the caboose and box car and run over. The deceased did not look behind him at any time. He was apparently unconcerned and indifferent, as if wholly unconscious of danger.

It was unnecessary for him to go upon the ties. The walking was more convenient on the ground where he had been while the train was passing. He was not attempting to cross the track. He was not between the rails. He was going up the track toward the crossing, and was on the end of the ties just outside of the east rail. He was an intelligent young man, in possession of all of his faculties. He had lived there for years and had been about the depot and grounds daily, and must have been familiar with the movement and management of freight-trains and the methods of switching. A brakeman was on the rear car of the train going north, but no one was on the box car behind the deceased. None of the trainmen saw the deceased after he stepped on the ties and before he was injured.

It is claimed that the deceased had a right to be upon the track and grounds of the defendant by reason of the long-continued use made thereof by the public, without objection, and that the defendant was guilty of negligence in not having some person on the box car to warn people who might be on the track. In the view we have taken of this case it is unnecessary to consider what rights the deceased and others acquired by being permitted to cross and recross the railroad at this place. The deceased was not using the track for crossing purposes. He was walking on the ties along the main track. Whatever use in crossing the tracks had been acquiesced in by the company would not give one the right to travel along the track, and the deceased in so doing was without right and was a trespasser.

Under the former decisions of this court the deceased was clearly guilty of contributory negligence which bars a recovery. The deceased was not upon

the premises of the defendant for any purpose in which it had an interest. He was there solely for his own convenience. It was in the early afternoon, when there was nothing to obscure the vision. When the train was passing the deceased he was walking on the ground in a place of safety, going in the direction of a crossing. Had he continued in his course, as would naturally be expected, he would not have been injured. The rear car on that part of the train which went north with the engine was an empty coal-car. The deceased saw it. He must have known that it was not the rear end of a freight-train. If he had used his ordinary senses he would have known by the absence of the caboose that the train had been cut in two. His conduct was that of extreme indifference and recklessness. He neither looked nor listened; he took no precaution whatever.

It has been frequently decided by this court that persons may not recklessly place themselves in a place of danger and then recover damages because of injuries received thereby. (*Zirkle v. Railway Co.*, 67 Kan. 77, 72 Pac. 539; *Railway Co. v. Schwindt*, 67 Kan. 8, 72 Pac. 537; *Libbey v. Railway Co.*, 69 Kan. 869, 77 Pac. 541; *Railway Co. v. Withers*, 69 Kan. 620, 77 Pac. 542, 78 Pac. 451; *Railroad Co. v. McMinn*, 72 Kan. 681, 84 Pac. 134; *Hoopes v. Railway Co.*, 72 Kan. 422, 83 Pac. 987.) The judgment is affirmed.

All the Justices concurring.