No. 18,798.

MARY ALICE SPENCER, *Appellee*, v. THE CITY OF KAN-
SAS CITY, *Appellant*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Ice-covered Sidewalk—Personal Injuries—Contrib-
utory Negligence—Evidence.* Under the evidence in this case
it can not be said, as·a matter of law, that a pedestrian was
negligent in using a sidewalk known to·be covered with ice,
although another route might have been selected.

Appeal from Wyandotte court of common pleas;
HUGH J. SMITH, judge. Opinion filed April 11, 1914.
Affirmed.

*Richard J. Higgins*, city attorney, and *W. H. Mc-
Camish*, assistant city attorney, for the appellant.

*William C. Rickel*, of Kansas City, and *C. W. Prince*,
of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Mary Alice Spencer was injured by a
fall caused by slipping upon ice on the sidewalk. She
sued the city and recovered a judgment, from which it
appeals.

The defendant maintains that upon the record the
city was not negligent, and the plaintiff was. There
was evidence tending to show these facts: Mrs. Spen-
cer left her home to go to that of a neighbor. She
walked to a corner, turned at right angles and followed
another side of the same block. She proceeded care-
fully, walking for about twenty-five feet on the terrace
beside the walk. This brought her to a tree, to avoid
which she stepped to the sidewalk, her injury following
almost immediately. For some months water had been
suffered to collect and remain at the street corner. The
sidewalk was below the level of the surface of the

ground, but not below the established grade. There was a slight depression in the ice, where the plaintiff fell. The jury found that the city had not done all that could reasonably and prudently be done to drain the water from the vicinity of the sidewalk.

We think the evidence justified a finding that the proximate cause of the plaintiff's injury was the negligence of the city in failing to provide such drainage as would prevent the water standing in the street so as to overflow the sidewalk.

It is argued that the plaintiff is precluded from recovery by her own negligence, inasmuch as the condition of the sidewalk was apparent, and she could have avoided the place at which her injury occurred by crossing the street instead of turning the corner, or by going the other way and making use of an alley. The fact that the condition of the walk was apparent did not charge her with negligence in using it, provided she did so with care proportional to the situation, and this was a question for the jury. (*Garnett v. Smith,* 72 Kan. 664, 83 Pac. 615.) Testimony was given in behalf of the defendant to the effect that planks had been placed across the street at the corner, by means of which the plaintiff might have reached a brick sidewalk leading to the house to which she was going. The precise condition of the crossing, however, was not conclusively established. There was evidence that the street was covered with ice, and that a number of boys were skating there. It can not be said as a matter of law that ordinary prudence required the plaintiff to choose one route rather than the other. (*Telephone Co. v. Vandervort,* 71 Kan. 101, 79 Pac. 1068; Note, 17 L. R. A., n. s., 201; 28 Cyc. 1428.) Cases referred to in a note to the Kansas case just cited indicate that the law in that respect has been interpreted here more favorably to the pedestrian than in some jurisdictions. (Note, 6 Ann. Cas. 32.)

The judgment is affirmed.