No. 24,671.

LAURA E. CLARK, *Appellee,* v. THE CITY OF SOUTH HUTCHINSON, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Defect in City Street—No Error in Refusing Certain Re-quested Instruction.* There was a defect in a city street, an opening in a culvert, which had existed for several weeks, into which the plaintiff stepped on a dark night causing her to fall and break her arm. On the trial the court instructed the jury that it was the duty of the city to keep its streets and culverts in a reasonably safe condition for the use of the public in the ordinary modes in which the same are used at the time and place where the accident happened. The defendant requested and the court refused to give an instruction:

"The jury are instructed, that in determining the question of reasonable care to keep its street crossing in safe condition, the location, the extent of

the use of the street, and whether or not the street or highway is in a thinly or thickly populated portion of the city, are to be considered. The law does not require the same degree of care over remote streets and highways that are used but little as over those in the center of the city and constantly used."

*Held,* that there was no error in refusing the requested instruction.

2. Same—*Plaintiff Not Chargeable with Contributory Negligence as Matter of Law.* Under the evidence it is held that the plaintiff was not chargeable as a matter of law with contributory negligence, the most that can be claimed is that it became a question for the jury whether she had exercised due care under the circumstances.

3. Same—*Verdict Interpreted.* The general verdict must be regarded as including a finding that plaintiff was not guilty of contributory negligence.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed July 7, 1923. Affirmed.

*E. T. Foote,* of Hutchinson, for the appellant.
*W. H. Lewis,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages alleged to have been sustained by Laura E. Clark because of the negligence of the city of South Hutchinson in failing to keep one of its streets in a reasonably safe condition for the use of the public. She alleged that there was a hole in the culvert on the street and that while passing over it in the nighttime she stepped into the hole, was thrown to the ground breaking her arm and dislocating her wrist. The jury awarded the plaintiff damages in the sum of $800, and defendant appeals.

There is no dispute as to the existence or character of the defect in the culvert which is part of the street, and which had existed for several weeks, nor is there any dispute as to the extent of the injury which resulted from the defect in the street. The principal complaint is that the court refused to give the following instruction:

"The jury are instructed, that in determining the question of reasonable care to keep its street crossing in safe condition, the location, the extent of the use of the street, and whether or not the street or highway is in a thinly or thickly populated portion of the city, are to be considered. The law does not require the same degree of care over remote streets and highways that are use but little as over those in the center of the city and constantly used."

One of the instructions given by the court is as follows:

"The jury are instructed that it is the duty of the defendant city to keep is streets, sidewalks and culverts in a reasonably safe condition for the use of the public in the ordinary modes in which the same is used at the time and place where the accident happened, and the defendant city must use ordinary care in keeping its streets, sidewalks and culverts in such reasonably safe condition for use of the public, and such failure is negligence; and the defendant city is liable for injuries sustained by a person by reason of such negligence provided it is the proximate result thereof, and the jury are the sole judges as to whether or not under the evidence and these instructions the city was guilty of such negligence."

There was no error in the refusal of the requested instruction, first, because it was not shown the place of the accident was in either a thinly or a thickly populated part of the city, and second, because it was negligence in the city to leave an unprotected hole in the street, although it may have been in an outlying district or a thinly populated portion of the city. There was no room for refining as to the degrees of care which the city should exercise in a case where a dangerous opening had been left for weeks in a traveled street, and no occasion to say more than was said by the court on this phase of the case, namely, that it was the duty of the city to keep its streets in a reasonably safe condition for the use of the public in the ordinary modes for which a street is used. The defect cannot be regarded as a trifling one. It has been said that:

"It must be remembered that streets and crossings are provided to walk on and pedestrians may rightfully assume that traps and pitfalls are not left therein." (*Howard v. Osage City,* 89 Kan. 205, 208, 132 Pac. 187.)

In view of the conceded facts other requests for instructions not given were not improperly refused.

It is argued that plaintiff was guilty of contributory negligence in that, although the night was dark she did not carry a lantern and did not walk in the middle and most traveled part of the street. It appears that she did not know of the hole or pitfall, which was not far from the middle of the street. Her evidence, which was not contradicted, was that it was not more than six or eight feet from the middle or most traveled portion of the street. If she had even known there was a defect in the street she would not necessarily have been chargeable with negligence. All that was required of her, under the circumstances, was to exercise such care as an ordinary prudent person would have exercised under similar circumstances. (*Garnett*

*v. Smith*, 72 Kan. 664, 83 Pac. 615; *Spencer v. Kansas City*, 92 Kan. 161, 139 Pac. 1029.) Not knowing anything about the defect, and having no reason to believe that it existed, it cannot be said, as a matter of law, that she failed to exercise due care. The most that can be claimed, under the evidence, is that it became a question for the jury whether she had exercised ordinary care, care in proportion to the situation, including the darkness of the night. The general verdict must be regarded as including a finding that she was not chargeable with contributory negligence.

Judgment affirmed.