No. 25,148.

The Topeka State Bank, The Fidelity State Bank, of Topeka, and The Farmers National Bank, of Topeka, *Plaintiffs,* v. The Tax Commission and Willie McD. Rowan, as Chairman, C. D. Foster and Clarence Smith, as members of the Tax Commission, *Defendants.*

#### SYLLABUS BY THE COURT.

Taxation—*State Bank—Tax ·on Shares of Stock—Proper Deduction on Account of Bank Building—Construction of Statute—Declaratory Judgment.* Where the banking statute limits·the amount a bank may invest in a building to one-third of its capital and surplus and the taxation statute requires the assessor, in fixing the amount on which stockholders shall pay taxes, to deduct from the gross value of all the shares the assessed value of a bank building to the extent of one-third of the capital and surplus, an amendment of the banking act by which the proportion referred to is changed from one-third to one-half, no change being made in the taxation law, does not increase the amount of the deduction to be made by the assessor.

Original proceeding under the declaratory judgment act. Opinion filed July 18, 1923. Judgment for defendants.

*Silas Porter,* of Topeka, for the plaintiffs.

*Charles B. Griffith,* attorney-general, and *Dennis Madden,* assistant attorney-general, for the defendants.

The opinion of the court was delivered by

Mason, J.: This proceeding is brought under the declaratory-judgment act by several banks against the state tax commission and its members for the purpose of obtaining an interpretation of the statutes relating to taxation. The defendants challenge the right of the plaintiffs to maintain it, but we shall assume without deciding that it is properly brought and determine the principal question presented, which turns upon the effect of the tax law involved.

Prior to the legislative session of 1921 the bank statute provided in effect that a state bank should not invest more than one-third of its capital and surplus in a bank building (Laws 1917, ch. 76, § 1), and the taxation statute provided that in estimating the value of its shares for use in determining the amount of taxes to be paid by its stockholders the assessor should deduct from the gross value of the shares the assessed valuation of such building to the extent of one-third of its capital and surplus. (Laws 1919, ·ch. 306, § 1.) In 1921 the bank statute above cited was amended by substituting

"one-half" for "one-third," so that the bank was authorized to invest one-half of its capital and surplus in its building, no change, however, being made in the provision of the taxation statute just referred to. An obviously sufficient reason for the enactment of the statute of 1919 limiting to one-third of its capital and surplus the amount to be deducted, on account of the real-estate tax paid by a bank on its building, from the valuation on which its stockholders would otherwise have to pay taxes, is that no tax deduction ought to be allowed on account of property illegally acquired or held. The plaintiffs argue in substance that when the legislature increased the amount the bank might invest in its building from one-third to one-half of its total investment the presumption should be that it intended to allow a corresponding deduction in the amount forming the basis of the stockholders' liability for taxes. It may reasonably be supposed, however, that the law-makers were willing to permit the bank to invest more than a third of its working capital in a building, while preferring to discourage such a practice to some extent by refusing to allow a corresponding reduction in the tax to be charged against the stockholders. That this was the legislative attitude is the more probable because at the same session (that of 1921) bills were introduced, but failed of passage, which undertook to amend the act of 1919 above referred to by striking out the clause which limited the tax deduction on account of a banking home to one-third of the capital and surplus. (Senate bill No. 294; House bill No. 314.) And in 1923 an act increasing the limit of deduction on that account from one-third to one-half of the capital and surplus was introduced in the house of representatives (House bill No. 166), referred to the committee on assessment and taxation, at first recommended for passage and later reported adversely and in this manner finally disposed of. (House Journal, pp. 83, 129, 151, 194.) Afterwards a bill in the same language (House bill No. 478) was introduced by the committee on assessment and taxation, and lost by an adverse report. (House Journal, pp. 260, 271, 318.) At the same session a similar bill was introduced in the senate (Senate bill No. 326) which met a like fate. (Senate Journal, pp. 161, 436.) The attention of the legislature having been specifically directed to the fact that the bank statute had been changed without any corresponding alteration having been made in the tax law, and it having refused to amend the latter, the fair presumption is that it deliberately chose to leave it as it

was.   There is no inconsistency between the two laws as they now stand.   The plaintiffs suggest that after the law allowing a bank to invest one-third of its capital in a building (Gen. Stat. 1915, § 568) was changed so as to make the limit one-third of the aggregate of capital and surplus the practice was at once adopted, without any amendment of the taxation statute, of deducting from the assessor's gross value of all the shares one-third of the capital and surplus combined, instead of one-third of the capital stock.   And it is argued that when the limit on the value of a bank building is increased from one-third to one-half the capital and surplus, there is the same reason for increasing the deduction from the gross valuation of the stock as when the limit on the amount to be invested in a bank building was increased from one-third of the capital to one-third of the aggregate of capital and surplus.   The analogy invoked fails for this reason:   At a time when the literal terms of the taxation statute were that the full assessed value of all real estate owned by the bank should be deducted from the gross valuation of the shares (Gen. Stat. 1915, § 11236) this court by interpretation held that the deduction on account of a bank building should be limited to what the bank could lawfully invest therein.   (*Bank v. Geary County,* 102 Kan. 334, 345, 170 Pac. 33, decided in 1918.)   The next year the principle of that part of the decision was embodied in the statute already referred to, expressly declaring that the tax deduction on account of a bank building could only be made to the extent of one-third of the capital and surplus.   (Laws 1919, ch. 306, § 1.)   Although in this enactment the proportion obviously was fixed at one-third because that was the extent of the investment in a bank building which the law then permitted, the legislature explicitly placed that definite limit on the deduction and a change which it refuses to make by amendment the court cannot effect by construction.   A legislative prohibition against a bank's investing more than a certain proportion of its capital in a building implies a corresponding limit on the extent to which the value of the building may diminish the amount of taxes upon shares required to be paid by their owners, but a purpose to increase the limit which is placed by express statute upon the amount of such deduction is not to be implied from an amendment enlarging the percentage of capital that may lawfully be invested in a building.

The judgment is that the plaintiffs have no just cause of complaint of the rule adopted by the tax commission.