No. 32,093

Lida M. Ade, *Appellee*, v. The City of Wichita, *Appellant*.

(41 P. 2d 734)

Opinion filed March 9, 1935.

*Vincent F. Hiebsch* and *K. W. Pringle,* both of Wichita, for the appellant.

*A. M. Ebright, P. K. Smith* and *Bernard Peterson,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This is an appeal in an action to recover damages.

After a jury had returned a verdict in favor of the defendant, the trial court allowed plaintiff's motion for a new trial, and the defendant appeals, the errors specified being the overruling of its demurrer to the plaintiff's evidence, and the granting of a new trial.

In its brief, the appellant has elected to rely solely on the question of the demurrer. We will notice the matter of the new trial to this extent, however. In ruling on the motion the trial court said:

"In matters of this kind, it is discretionary with the court; in other words, it is a matter of arbitrary decision of the court,"

which is not correct. Discretion and arbitrary decision cannot exist together. They are opposites. If the court decides the matter arbitrarily or capriciously, it is not exercising its discretion. The court continued its remarks and finally said:

"I am inclined to think the jury got confused, and so, while maybe there is no real ground for setting aside their verdict, yet I am not quite satisfied with it. I will give her another trial."

This indicates an exercise of discretion, even though based on rather weak ground. In view of the number of questions arising from rulings on motions for new trials, the court hearing the motion should be careful to exercise a sound discretion, and not leave ground for a belief that its ruling is based on arbitrary or capricious grounds.

With respect to the demurrer, it may be said that the petition stated a cause of action, as did plaintiff's opening statement. Briefly stated, it was that an alleyway entering into an east-and-west street was paved with old brick, and had deep holes and depressions and an uneven surface, which had existed for months, which facts were known to the city; that the alleyway sloped from the south to the north, and where pedestrians were compelled to use it was on a slight down-grade, which fact, together with the holes and depressions, made it unsafe for pedestrians to walk; that the alleyway was covered with ice formed by water running down the alleyway collecting in the holes and depressions and over the uneven surface, forming a slick body of ice several inches thick; that plaintiff walked along the south side of the street and while crossing the alleyway she fell and was injured, for which she sought damages. The accident occurred on December 17.

The meteorologist of the United States weather bureau at Wichita testified that on December 8 there was some snow, on December 9 over two inches of snow, and a little more snow on December 10, 11 and 15. On December 14 the maximum temperature was 33° above and on December 17 it was 35° above and on all intervening days from December 8 on, it ranged from 4° below to 28° above. He also stated snow in the sun might melt at a lower temperature than 32 degrees.

There was testimony, also, that for many months the pavement in the alleyway was rough and that in bad, cold weather it was rough and full of ice, and that on the day of the accident there were some humps of ice three or four inches high. So far as the record shows, no one saw plaintiff fall. Her testimony is that previously in going along the street she walked on the north side of the street because she knew the south side was dangerous and she was afraid to cross, but at the particular time she had crossed over to the

south side. While she first said a "hump" tripped her, on direct examination she was asked to tell the jury what caused her fall and answered:

"Well, I slipped on the ice and, of course, when you slip and can't catch yourself, you are going to go down. Previous to that, just a number of times, I have slipped, but it wasn't a case of this kind where it was a slant, you know."

In response to a question to describe the condition of the ice, she said:

"Well, there were ridges and there were lumps or humps and then there were some places where it was even and slick and I guess that is about all I can say."

On cross-examination, she testified that she observed there was ice and snow upon the crossing and proceeded the usual way she usually walked along the sidewalk.

"Q. You went straight across on the crossing and there was a hump there which you started to cross? A. There was a hump that tripped me. Yes.

"Q. When you reached that hump, I think you told Mr. Ebright that you slipped upon the ice and fell. Is that correct? A. Yes. I slipped."

And that her feet slipped forward in the direction she was walking, and when asked whether she slid her full length she said: "It wasn't so slick. It wasn't that it was a large slick place, but it was a slanting place."

We have not detailed evidence as to claimed defects in the street independent of the snow and ice, for the reason that there is no connection between them and the injury further than that water might have run into the holes and frozen. As the snow and ice covered the alleyway, it cannot be said the holes caused the accumulation nor that they contributed to the injury.

Appellee contends that under our decisions in *Evans v. Concordia,* 74 Kan. 70, 85 Pac. 813, and *Speakman v. Dodge City,* 137 Kan. 823, 22 P. 2d 485, the evidence shows conditions constituting a defect in the street, and it may be conceded that there was testimony which would warrant a jury in finding that ice and snow had been allowed to accumulate and remain and become ridged, rutted and uneven. But assuming that such a defect existed, was there any showing that the defect was the cause of plaintiff's injuries? The evidence showed that at the place of the injury the alleyway sloped toward the street, and while not clearly shown, we are led to believe that the center portion of the alley was lower than the sides thereof. Such a condition is usual, otherwise there would be no

drainage. The evidence shows that in this sloping alleyway there were places where the ice and snow were ridged and humped and places where it was smooth.

While it is true that plaintiff said she tripped on a hump of ice, her detailed explanation was that she stepped upon the sloping incline of the alleyway and slipped down. The ruts and ridges in the ice had nothing to do with her fall, and whatever defect there may have been did not contribute to her injury.

But assuming that a jury might have found that she did trip on the ridged and rutted ice, is appellant's contention that plaintiff was guilty of contributory negligence good? The contention has been raised in many cases involving injuries from defects in streets and sidewalks. In *Dunfee v. City of Iola*, 92 Kan. 121, 139 Pac. 1029, it was held that—

"It is not contributory negligence *per se* for one to walk upon a sidewalk which he knows is defective. In doing so, however, he must exercise such care as an ordinarily prudent person would exercise under similar circumstances." (Syl.)

In *Spencer v. City of Kansas City*, 92 Kan. 161, 139 Pac. 1029, it was held that—

"The fact that the condition of the walk was apparent did not charge her with negligence in using it, provided she did so with care proportional to the situation, and this was a question for the jury . . . It cannot be said as a matter of law that ordinary prudence required the plaintiff to choose one route rather than the other." (p. 162.)

In *Boddington v. Kansas City*, 95 Kan. 189, 148 Pac. 252, the syllabus recites:

"While it is the duty of a city to use reasonable care to keep its streets safe for travel; and while one driving over such streets has a right to assume that this duty has been performed, still he must for his own protection exercise such care as ordinarily careful persons would use under like circumstances."

"What constitutes ordinary care, including the use of one's senses, must be governed by the circumstances of each case, and what would be carelessness on the part of one driving in the daytime might be prudent and cautious when driving in the nighttime." (Syl. ¶¶ 1, 2.)

In *Clark v. City of Hutchinson*, 114 Kan. 172, 217 Pac. 304, plaintiff stepped in a hole outside the traveled portion of a street on a dark night, and it was claimed she was negligent in not carrying a lantern. The court said:

"If she had even known there was a defect in the street she would not necessarily have been chargeable with negligence. All that was required of her, under the circumstances, was to exercise such care as an ordinary prudent

person would have exercised under similar circumstances. (*Garnett v. Smith*, 72 Kan. 664, 83 Pac. 615; *Spencer v. Kansas City*, 92 Kan. 161, 139 Pac. 1029.) Not knowing anything about the defect, and having no reason to believe that it existed, it cannot be said, as a matter of law, that she failed to exercise due care. The most that can be claimed, under the evidence, is that it became a question for the jury whether she had exercised ordinary care, care in proportion to the situation, including the darkness of the night." (p. 174.)

In *Weaver v. City of Cherryvale*, 102 Kan. 475, 170 Pac. 997, where a plank was used to form a sort of bridge over a gutter, a substitute for a culvert, plaintiff, knowing of the plank and the surrounding conditions, struck her foot on the end of the plank and was injured. An answer to a special question relied on to show contributory negligence was so construed as to be consistent with a general verdict in plaintiff's favor. It was held that as a matter of law she could not be said to be guilty of contributory negligence because she was familiar with conditions, knew the plank was there and by the exercise of ordinary care could have seen it immediately before reaching it.

And other cases of like import have been decided in this court.

It will be observed that the rule is that use of an apparently defective walk does not charge the user with negligence, provided the user exercises care such as an ordinarily prudent person would exercise under similar circumstances, the question ordinarily being for the jury. However, that does not mean that where the evidence as to the entire situation is undisputed, the court, as a matter of law, may not say that the plaintiff failed to exercise such due care as is incumbent under the circumstances and thus be guilty of negligence. Here the testimony showed plaintiff was aware of the claimed defect and had avoided use of the particular crossing because she knew it was dangerous, yet notwithstanding she proceeded at her usual gait and usual walk to go straight across the crossing. It would seem that with full knowledge of the situation and the claimed dangerous condition with which she was fully familiar, she not only did not affirmatively act with the care an ordinarily prudent person would have exercised in the circumstances, but that she proceeded in utter disregard as to possible consequences.

The trial court erred in not sustaining the defendant's demurrer to the plaintiff's evidence.

The judgment of the lower court granting a new trial is reversed, and the cause remanded to the trial court with instructions to sustain the above-mentioned demurrer.