No. 35,075

M. D. L. Cox, *Appellee*, v. The City of Coffeyville, *Appellant.*

(110 P. 2d 772)

Opinion filed March 8, 1941.

*Aubrey Neale,* of Coffeyville, for the appellant.

*Harold McGugin,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

Allen, J.: This was an action for damages for personal injuries alleged to have been sustained by the plaintiff when he fell into a hole in the sidewalk in the defendant city. A demurrer to plaintiff's amended petition was overruled. Defendant appeals.

The allegations of the amended petition may be summarized:

On the date of plaintiff's injury there was a hole in the sidewalk adjoining the Etchen building on Eighth street. The north side of the hole was flush with the building, and extended southward on the sidewalk about three feet. The hole was open and unguarded without any warning to pedestrians and without any railings to prevent persons on the sidewalk from falling into it. It was open for the purpose of excavating dirt, and had been open prior to the date of plaintiff's injury for five or six weeks. The agents, servants and employees of the defendant city had knowledge of the hole and that it was without guard rails or other protection for pedestrians rightfully using the sidewalk.

On October 6, 1939, at about 1:45 p. m. plaintiff was walking west on the sidewalk on the south side of the hole. When plaintiff reached the place in the sidewalk where the hole was located, one Moore, carrying an armload of groceries, came around the corner of the Etchen building· from the north and passed the plaintiff so close that plaintiff fell into the hole. The west end of the hole is

twenty-eight inches from the corner of the building. The building is so located that it was impossible for the plaintiff to see Moore until plaintiff was about thirty-six inches from him. The meeting with Moore was so sudden plaintiff could not allege whether Moore actually brushed plaintiff and pushed him into the hole or whether plaintiff stepped aside to avoid a collision and fell into it. At the time of the injury plaintiff was living upstairs and within forty feet of the hole, knew of it prior to the time of injury, knew of it at the time he was walking along the sidewalk, and was using due care in walking to the side of it. It was alleged that the defendant city was negligent in permitting the hole to be in the sidewalk without any railing or other similar protection to pedestrians rightfully using the sidewalk. As a result of the fall, plaintiff sustained severe injuries for which he asks damages.

Defendant's motion to strike having been overruled, defendant filed a demurrer to the amended petition.

Did the amended petition state a cause of action?

Under the law of this state a duty is imposed on cities to keep its streets and sidewalks in a condition reasonably safe for their intended use. *Blankenship v. City of Caney*, 149 Kan. 320, 87 P. 2d 625, and cases cited.

The mere fact that plaintiff knew the sidewalk was defective does not conclusively show contributory negligence on his part in traveling upon it.

*Maultby v. City of Leavenworth*, 28 Kan. 745; *Clark v. City of Hutchinson*, 114 Kan. 172, 217 Pac. 305.

Defendant invokes the principle announced in *Corlett v. City of Leavenworth*, 27 Kan. 673. It was there stated:

"Where there is danger, and the peril is known, whoever encounters it voluntarily and unnecessarily, cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk." (Syl. ¶ 2.)

Similar statements will be found in *Sweet v. Railroad Co.*, 65 Kan. 812, 70 Pac. 883, and *Limb v. Railroad Co.*, 73 Kan. 220, 84 Pac. 136.

But we do not think the rule announced in the cases cited reaches the question presented by the demurrer. In the present case we must consider the effect of the intervening act of a third person—a circumstance not present in the cases relied upon by defendant.

A somewhat similar situation was presented in *City of Olathe v. Mizee*, 48 Kan. 435, 29 Pac. 754. In that case the plaintiff in passing over a crosswalk, to avoid a collision with persons coming

toward her, diverged from the cross-walk and fell into an excavation and was injured. It was held, as stated in the syllabus:

"Where an excavation is made by the city authorities in the public street of a city, the end of which extends up to a narrow cross-walk at an intersecting street, and it is left over night uncovered and without guards or danger signals, and a woman, in crossing the street over the cross-walk, meets parties who do not see her or do not turn aside to let her pass, and she, to avoid collision, diverges from the cross-walk, and, without any knowledge of the excavation, falls therein and is hurt, she may recover from the city for the injury sustained; and the fact that the strangers whom she met did not yield the cross-walk, and that they caused her to step aside and into the excavation, does not preclude such recovery." (Syl. ¶ 1.)

In the opinion of the court it was stated:

"The negligence of the city in the matter is undoubted. To leave such a dangerous excavation in a public thoroughfare of the city, and close to much-used walk, without guards, barriers, lights, or danger signals, is a marked case of carelessness. It would be clearly negligence to leave such a ditch uncovered and unguarded in the daytime; but for the city authorities to permit such a pitfall to remain open and without lights or guards in the nighttime, with full knowledge of its dangerous character, is gross carelessness. . . ." (p. 437.)

In the Mizee case, while the intervening act of the strangers by causing the plaintiff to step aside into the excavation was a substantial factor in bringing about the harm to the plaintiff, yet that circumstance did not protect the city from liability. In the case before us the hole in the sidewalk without guard rails or warning signs was a continuing hazard to pedestrians. From the facts alleged the attention of plaintiff was diverted from the danger of the unguarded hole by the sudden approach of Moore.

In *Barr v. City of Fairfax*, 156 Mo. App. 295, 137 S. W. 631, the plaintiff was proceeding along a sidewalk which he knew was in an icy condition. His attention was distracted to a person he was approaching, and in stepping aside to let the person pass, he slipped on the ice and fell. It was held plaintiff was not guilty of contributory negligence as a matter of law.

See cases cited in Annotation, "Excuses for failure to observe and avoid defect or obstruction—a. Distraction of attention," 13 A. L. R. 87.

The general rule seems to be that a person whose faculties of observation or memory are temporarily suspended as regards a certain dangerous condition is virtually in the same mental position as a person who has never acquired a knowledge of such dangerous con-

dition. See Annotation, "Contributory negligence in failing to remember dangerous conditions," 41 L. R. A., n. s., 79.

The plaintiff had a lawful right to walk along the sidewalk, and under the facts alleged we cannot say as a matter of law that plaintiff was guilty of contributory negligence. Clearly that is a question for the jury to determine.

The judgment is affirmed.