The opinion of the court was delivered by
Horton, C. J.:
In March, 1880, the defendant in error, while walking on the sidewalk on one of the streets of Osage City, fell, as he alleges, by reason of a defect in the sidewalk, and injured himself thereby. To recover damages therefor he *75 brought an action against the city, which was tried, and resulted in a verdict for him of $550. To reverse the judgment rendered upon the verdict, the cause is brought to this court.
I. It is urged on the part of Osage City,' that the evidence shows that the sidewalk was safe and perfect in every respect, or at least that it was not in a dangerous or unsafe condition. It appears from the testimony that there was a rise ¿>r offset in the sidewalk of about four inches. A part of the sidewalk was from nine to ten feet wide, and next to that there was a narrow walk about four feet wide. The rise or offset existed between these walks. There was no board or covering over the opening in the rise or offset. The left foot of the defendant in error was caught thereby and he pitched forward, his foot holding him fast, falling heavily on his side. The situation and character of this defect were fully explained to the jury by evidence, and the court instructed the jury that the injured party was not entitled to recovery, unless he had proved by preponderance of evidence that the sidewalk where he was injured was in a defective and unsafe condition at the time of his fall, and that he received his injuries by reason of such defective and unsafe condition of the sidewalk. We do not think, as a matter of law, that we can say upon the evidence that the sidewalk was not in a defective and unsafe condition; and as the law upon this point was clearly declared to the jury, we cannot, in that respect, decide the verdict contrary to the evidence.
II. It is urged that the plaintiff below was guilty of contributory negligence, and therefore not entitled under the evidence to judgment. Just prior to his injury, he was engaged in the business of teaming in the city of Osage; was near seventy years old; had occasionally traveled on foot over the defective sidewalk when going to the Masonic lodge, or when out trading. On the night of the injury, he was on his way to the lodge; the night was cloudy, and pretty dark; thinking he was a little late, he walked moderately lively; his foot ran into the rise or offset, which was not covered, and held him *76 so that he fell. "VVe do not perceive in these facts such negligence on the part of plaintiff' below ás to prevent a recovery.-
III. The defendant asked the court to instruct the jury, “that if they believed from the evidence the plaintiff knew before and at the time he was injured of the existence of the offset between the nine-foot and four-foot sidewalk, at the point vjhere he was injured, and passed that point in a thoughtless and careless manner, under no effort to guard against danger or injury, he could not recover in the action.” This was refused, but in its place the court directed the jury, “that every person passing over the sidewalk of a city is required to exercise such care and diligence in doing so as men of ordinary care and -diligence would use under similar circumstances. Iu determining whether plaintiff used such care at the time he received the injuries complained of, it would be proper to consider his knowledge of its condition; the time; the light or darkness at the time and place the injuries were received, and his manner of traveling, and any. other fact appearing from the evidence which would tend to show such care, or the want of it; ” and further charged them that if they found from the evidence that the plaintiff materially contributed to such injury by such negligence, they would find for the defendant. We think the instruction given by the court was the true declaration of the law, considering all the facts of this case, instead of the one asked for on the part of the city. If the injured party was familiar with the sidewalk, and knew of the hole or opening in the offset, and the accident had- occurred in the day-time, perhaps these facts might have raised such a presumption of negligence on his part that he would have been bound by proper proof to negative such presumption. But the court had no right to say, upon the facts stated, as a matter of law, that the injured party could not recover. It was for the jury to judge, from all the circumstances concerning the case, whether the plaintiff was guilty of such ordinary negligence contributing to his injury as would defeat his recovery, and the court called the *77 attention of the jury to such matters as they were bound to consider to decide this question. It is true that the court used the words, “materially contributed,” instead of “directly contributed,” but, construing the whole charge together, the use of the word “ materially,” instead of “ directly,” was not likely to mislead.
The judgment of the district court will be affirmed.
All the Justices concurring.