THE CITY OF HARTFORD v. CHAS. B. GRAVES, *as Administrator of the estate of Maggie Daugherty, deceased.*

**No. 589.**

CITIES—*Defective Sidewalks—Case Followed.* Following the decision in the case of *Osage City v. Brown*, 27 Kan. 74, this court cannot hold, as a matter of law, that a city of the third class is not negligent in permitting inequalities to the extent of six inches or more in the height of various portions of a sidewalk on a principal business street to continue to exist for the period of twelve months.

Error from Lyon district court; W. A. RANDOLPH, judge.   Opinion filed May 12, 1899.   Affirmed.

*L. B. & J. M. Kellogg*, for plaintiff in error.

*C. B. Graves*, and *H. D. Dickson*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.:   This action was brought by Mrs. Maggie Daugherty in the district court of Lyon county against the city of Hartford, a city of the third class, to recover damages for personal injuries resulting from a fall occasioned by a defective sidewalk on the principal street of said city.   It was alleged and proved that after dark in the evening of November 27, 1894, the plaintiff and her daughter-in-law were passing along the sidewalk in front of a business block, on their way to church.   It was a dark night and there were no street lamps.   At two points new walks had been laid in front of two business houses, from six to eight inches lower than the original and remaining portions of the sidewalk, thus producing four inequalities in the grade.   The plaintiff had passed over the walk but twice during the year that such inequalities had been

permitted to exist. She had the fact in mind, and from the evidence it appears that she was exercising reasonable care and caution in respect thereto at the moment she suddenly stepped down from a higher to a lower part of the walk. In thus stepping down the plaintiff sprained her ankle and fell. The injury proved to be quite severe, causing pain and sickness, and requiring the use of crutches for some time. The defendant pleaded contributory negligence on the part of the plaintiff. The case was tried by a jury, resulting in a verdict and judgment for the plaintiff in the sum of $300.

Two of the special findings made by the jury are as follows :

"4. Could not the plaintiff, by the exercise of ordinary care, have known and avoided the defect (if you find a defect) at the time of the accident? Ans. No."

"7. If you answer No. 4 in the negative, please state what the plaintiff must have done in order to have avoided the injury she received. A. She could have exercised extraordinary precautions."

It is contended by counsel for plaintiff in error that the sidewalk was in a reasonably safe condition and that the city was not liable to respond in damages on account of an injury resulting from the existence of the inequalities in the height of the walk. Several cases are cited in support of this claim. An examination of these cases shows that they nearly all relate to the alleged liability of cities for defective cross-walks, and the liability of the municipalities was denied, for the reason that it is not generally practicable to make the grade of street crossings the same as that of the regular sidewalks. The cases are not therefore applicable here. On the other hand, the supreme court of this state, in the case of *Osage City v. Brown*, 27 Kan. 74, declined to hold as a matter of law that a side-

walk which contained an uncovered rise, or offset, of about four inches in height was not defective and unsafe. In the same case it was held that it was for the jury to determine from all the circumstances of the case whether the plaintiff was guilty of such ordinary negligence contributing to the injury as would defeat a recovery. That decision rules this case.

Complaint is made of the refusal of the court to give certain instructions asked for by defendant below. The instructions given presented the law applicable to the facts proved, and fairly submitted to the jury the question of the city's negligence and the contributory negligence of the plaintiff. The instructions refused could not properly have been given, as the giving thereof would have invaded the province of the jury in respect to the question of negligence.

The special findings quoted above show that the jury believed the plaintiff exercised ordinary care, and that she could not have avoided the injury without the exercise of extraordinary care. Such findings are fairly supported by the evidence. The judgment of the district court is affirmed.