DORTHULIA SMITH, *a Minor, etc., Appellee*, v. THE CITY OF ROSEDALE, *Appellant*.

No. 16,809.

Appeal from Wyandotte court of common pleas. Opinion filed January 7, 1911. Affirmed.

*Rush L. Fisette*, and *Bird & Pope*, for the appellant.

*David J. Smith*, *William B. Sutton*, and *William B. Sutton, jr.*, for the appellee.

*Per Curiam:* The plaintiff recovered judgment against the defendant for $900 on account of injuries sustained by a fall from a sidewalk. There was sufficient evidence of negligence on the part of the city to sustain the verdict.

A number of the claims of error are based upon alleged defects in the petition. On the trial the petition was amended by leave of the court, and if there were any defective averments the amendment cured them.

In answer to a hypothetical question a physician was permitted to testify as to the probable effect upon a girl of the plaintiff's age in falling violently upon her knee a distance from ten to fifteen inches from a sidewalk. At the time the question was asked the plaintiff had not testified and there was no evidence that she had fallen. She so testified, however, within a short time afterward.

There was only one cause of action stated, and the motion to require the plaintiff to elect was properly denied.

The sixth assignment of error is an unfair statement of what an instruction contains. It omits the balance of the sentence in which the court used this language: "or that by the

exercise of reasonable care and prudence upon the part of the plaintiff she could have known of the condition of said walk." The use of the words "guards or barriers" in instruction No. 12 is complained of because the petition nowhere alleged as negligence the omission to provide guards or barriers; but the petition does allege that there were no lights or other warnings to prevent the accident. Moreover, the instruction could not have been prejudicial, as there was abundant proof of other negligence upon which plaintiff was entitled to recover.

The instructions given fairly covered the issues and the instructions requested were properly refused. The judgment is affirmed.