Dunfee v. City of Iola.

No. 18,775.

AGNES DUNFEE, *Appellee*, v. THE CITY OF IOLA,
*Appellant.*

### HEADNOTE BY THE REPORTER.

DEFECTIVE SIDEWALK—*Knowledge of Pedestrian—Contributory
Negligence.* It is not contributory negligence *per se* for one
to walk upon a sidewalk which he knows is defective. In
doing so, however, he must exercise such care as an ordinarily
prudent person would exercise under similar circumstances.

Appeal from Allen district court; OSCAR FOUST,.
judge. Opinion filed April 11, 1914. Affirmed.

*C. S. Ritter,* of Iola, for the appellant.
*F. J. Oyler,* of Iola, for the appellee.

*Per Curiam:* The plaintiff was seriously injured by
a fall on a sidewalk. She alleged negligence against
the city and recovered a small judgment, from which
the city has appealed.

The defect in the sidewalk consisted in a gas stop box
which stood about an inch and a quarter above the sur-
face of the walk. It had a cover or top projecting from
it which caught the toe of plaintiff's shoe and caused
her to fall. The petition stated a cause of action and
was not subject to demurrer. The plaintiff testified
that she had been over the walk a number of times and
had seen the stop box, but had not paid particular at--
tention to it. The jury by their general verdict found
that she was not guilty of contributory negligence. The
mere fact that she had seen the obstruction before did
not require her to be constantly on the lookout for it..
The demurrer to the evidence was rightly overruled..
All the contentions raised by the defendant have been.
answered in previous decisions, including the case of
*Spencer v. Kansas City,* post, p. 161. It has been
repeatedly held that it is not contributory negligence:

*per se* for one to walk upon a sidewalk that he knows is defective. All that is required is that he must exercise such care as an ordinarily prudent man would under similar circumstances. (*Garnett v. Smith,* 72 Kan. 664, 83 Pac. 615; *Smith v. City of Rosedale,* 83 Kan. 813, 112 Pac. 626; *McCoy v. City of Wichita,* 86 Kan. 943, 122 Pac. 894.)

The judgment is affirmed.