No. 27,119.

HELENA DALKE, *Appellee*, v. THE CITY OF INMAN and THE INMAN MUTUAL TELEPHONE COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS — *Duty to Keep Streets Reasonably Safe — Contributory Negligence—Proximate Cause—Questions of Fact for Jury*. In an action for damages sustained by plaintiff, who tripped over a broken telephone guy wire across a path used for a walk in the parking of a city street, the record is examined and it is *held*, the questions, (1) whether the place of the injury was in such a sparsely settled portion of the city and so little used by the public that the city was not required to keep it reasonably safe for travel, (2) whether the plaintiff was guilty of contributory negligence, and (3) whether the guy wire was the proximate cause of the injury, were all questions of fact, on which the findings of the jury are conclusive.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 12, 1927. Affirmed.

*C. M. Williams, D. C. Martindell*, both of Hutchinson, *P. J. Galle* and *James L. Galle*, both of McPherson, for the appellants.

*Frank L. Martin* and *James N. Farley*, both of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Mrs. Dalke was injured by falling over a broken guy wire from a telephone pole, in the parking of a street in the city of Inman. She sued the city and the telephone company for damages. The case was tried to a jury, which answered special questions and returned a general verdict for plaintiff. Both defendants have appealed.

Delaware street extends east and west through the city, ending at the east edge of the city square up against a wheat field. About half a block from the east end it is intersected by Pine avenue. On the south side of Delaware and east of Pine there is a church. On the south side of Delaware there is a sidewalk, beginning in front of the church and extending west, across Pine avenue, to the business portion of the city, about two blocks away. Delaware street was laid out to be sixty feet wide between the sidewalks. It had been graded, for vehicular traffic, through the center, a strip thirty-

Appeal and Error, 4 C. J. p. 858 n. 3. Highways, 20 L. R. A. n. s. 730, 732; 13 R. C. L. 312. Municipal Corporations, 28 Cyc. pp. 1502 n. 35, 1506 n. 51, 1509 n. 66, 1510 n. 71.

six feet wide, leaving a parking twelve feet wide of native buffalo grass on each side. Mrs. Dalke lived in the house on the corner, being the only residence north of Delaware and east of Pine. There was no sidewalk on the north side of Delaware street south of the property where she lived, and the place for such a sidewalk was rough, not suitable for pedestrian travel, but between that and the graded portion of the street was a strip of smooth sod. The walk from the Dalke house to the street was a path on this native sod portion of the park. The telephone company had, by permission of the city, set a telephone pole in this parking, with a guy wire from near the top of the pole to an iron rod in the ground, with an eye bolt at the top, which was about twelve inches from the ground, some distance from the pole. This guy wire was broken about four feet from the eye bolt and the piece, loose at one end, fastened to the eye bolt at the other, lay in the parking. It was near the foot path to plaintiff's residence, but ordinarily lay away from it. The guy wire had been in this broken condition for months, a fact which was known to plaintiff and to both of the defendants. The injury occurred in the evening, after dark. It had rained recently. Plaintiff had been to call on a neighbor, who lived on the south side of Delaware street and nearly a block west of Pine. Going home plaintiff went east on the sidewalk on the south side of Delaware street until she came to the intersection of Pine avenue. There was an electric street light at this intersection. She then went diagonally northeast across this intersection to the path on the parking north of Delaware street leading to her home. In some way the loose end of the broken guy wire was thrown across this path. She did not see it in the dark. She stepped on the loose end of this wire with one foot, and as she went forward caught her other foot in the loop of the wire and was thrown to the ground, her arm or shoulder striking the eyebolt, breaking her arm and causing her serious injury. No complaint is here made of the amount of the verdict, so we shall give that question no attention. In this statement we have attempted to give a general outline of the facts, rather than a detailed statement of them.

The defendant city makes two principal contentions, (1) that the place where the injury occurred was so sparsely settled and so little used by the public that it was under no obligation to keep it safe for pedestrians, and (2) that plaintiff was guilty of contributory negligence as a matter of law.

As to the first question: Defendant argues that the city is not, under all circumstances, required to keep every street and the whole width of every street safe for travel, citing *City of Wellington v. Gregson,* 31 Kan. 99, 1 Pac. 253, and *Jones v. City of Kingman,* 101 Kan. 625, 168 Pac. 1099. What was there said pertains to the improvement of streets for vehicular travel, and only indirectly pertains to the situation here. It is argued that the city having graded and made safe a strip thirty-six feet wide through the center of the street—which portion of the street plaintiff was not using—it was not obliged to make the entire width of the street safe for travel. But pedestrians are not ordinarily expected to walk out in the center of the street, that portion of it graded, designed and ordinarily used for travel by vehicles. Ordinarily sidewalks, or paths, are provided along the side of the street for the use of pedestrians. Whether the use of them is such as to impose a duty upon the city to keep them in reasonably safe condition is ordinarily a question of fact to be determined by the jury under proper instructions, in view of all the facts and circumstances disclosed by the evidence. See cases above cited; also *City of Atchison v. Mayhood,* 69 Kan. 672, 77 Pac. 549; *Williams v. City of Parsons,* 87 Kan. 649, 125 Pac. 60; 13 R. C. L. 312, 313; 28 Cyc. 1362. Complaint is made of instructions concerning this question. Without setting out the instructions requested and refused and those given, and analyzing them in detail, we simply say that we have examined them carefully and find no error in this respect. The instructions given fairly stated the law of the case.

Defendant argues that plaintiff was guilty of contributory negligence which bars her recovery. She knew the broken guy wire was there in the parking, near the path; she passed it frequently, and on one occasion some months before her injury her father had walked into the wire or iron stake and been thrown down. We regard this as a jury question. This broken guy wire usually lay away from the path, not across it; the evidence does not disclose any previous time when it lay across the path. Whether plaintiff should have anticipated that the wire might be across her path, and taken more caution than she did, were proper questions to submit to the jury. (*Garnett v. Smith,* 72 Kan. 664, 83 Pac. 615; *City of Ottawa v. Green,* 72 Kan. 214, 83 Pac. 616; *Clark v. City of Hutchinson,* 114 Kan. 172, 217 Pac. 305.) The court fairly instructed the jury on this question and its verdict is conclusive.

The defendant telephone company argues the same questions, and this in addition: that the anchor bolt and guy wire were not the proximate cause of the injury. It is argued, there having been a recent rain, the ground was slippery, that there was a ditch a few inches deep at the edge of the grading, which was a little more than four feet from the anchor bolt, and that because of these obstacles plaintiff stumbled and fell before she reached the guy wire. This again is a question of fact. There is positive evidence that plaintiff's fall was caused by her tripping on the guy wire which was across the path. This supports the jury's verdict.

Finding no error in the record, the judgment of the court below is affirmed.