No. 35,676

MAUDE M. TAGGART, *Appellee*, v. THE CITY OF
KANSAS CITY, *Appellant.*

(134 P. 2d 417)

Opinion filed March 6, 1943.

*William H. Towers,* deputy city attorney, argued the cause, and *Alton H. Skinner,* city attorney, *Edwin A. Schalker, James H. Barnes, William H. Mc-Hale* and *Joseph A. Lynch,* deputy city attorneys, were on the briefs for the appellant.

*Thos. M. Van Cleave,* of Kansas City, argued the cause, and *Edwin S. Mc-Anany,* of Kansas City, and *Arthur R. Wolfe,* of Kansas City, Mo., were on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action for damages for personal injuries sustained by plaintiff when she fell on a sidewalk of the city alleged to have been caused by a defect which defendant negligently permitted to exist in the walk. A jury trial resulted in judgment for plaintiff. Defendant has appealed.

Appellant contends its demurrer to plaintiff's evidence should have been sustained. This evidence may be summarized as follows: Plaintiff and her husband lived in the 1200 block on Grandview boulevard, an east-and-west street. The principal business district of the city is to the east. On the evening of October 24, 1939, plaintiff and her husband walked on another street from their home to the business district of the city and returned walking on the south side of Grandview boulevard. The place plaintiff fell was about the middle of the 1100 block, where the street was practically level. The street was lighted with gas street lights on posts eight or ten feet high, there being four or five such lights to the block on each side of the street. The sidewalk was made of cement slabs about six feet square. A tree, about eighteen inches in diameter, had grown up in the parking near the north edge of the walk. A root of the tree had grown under the walk in such a way as to raise the north side of one of the cement slabs about six or seven inches higher than those east and west of it. At the south side of the walk the slab had not been raised.

It was a pleasant evening. Plaintiff and her husband were walking leisurely, with their arms locked together, visiting. They were walking near the center of the walk. She was on the left or south side of her husband. The street lights were burning. They reached the irregular place in the walk about eight o'clock. Plaintiff saw the "step-up" and stepped up onto the irregular slab without any

mishap. She estimated the height of this step-up to be between one and two inches. As she walked on she did not look at the walk and did not see the "step-down" and fell as she stepped off of the irregular slab. Looking at it after she got up, she thought the step-down was a little higher than the step-up.

Ordinarily when plaintiff went along this street she rode in an automobile. She was not certain that she had walked along this walk at any time previously. Her husband had walked over the walk many times. A witness called by plaintiff testified she lived in the residence facing this part of the walk, had lived there for six years, and that the walk, with its irregular slab, had been in about the same condition all that time. Another witness called by plaintiff testified she had lived in different houses near this walk for twenty-one years; had used the walk many times; that the root of the tree was growing under the slab of the walk when she first knew it, and that the walk had been in about the same condition for the last six or eight years. There was no evidence that anyone previously had fallen at this place or had had any difficulty in using the walk with safety.

The demurrer to the evidence presents two legal questions: Was the imperfection in the sidewalk at the place where plaintiff fell so serious as to be an actionable defect, and was plaintiff negligent in her use of the walk in such a way as to bar her recovery? Respecting these the following legal principles are well established: The fact that one using a sidewalk of a city falls and sustains injuries is insufficient to establish liability of the city. Such accidents sometimes happen to people in their own homes or about their own walks or premises or those of their neighbors. The city is not an insurer of the safety of those who use its streets and walks. It is not required to furnish perfect walks. Its only duty in this respect is to furnish walks that are reasonably safe for use. (*City of Emporia v. Schmidling,* 33 Kan. 485, 6 Pac. 893; *Clark v. City of Hutchinson,* 114 Kan. 172, 217 Pac. 306, and other cases cited therein.) To impose a greater duty upon cities would be to place upon them too great a financial burden. It may be said to be common knowledge that in cities there are many places where the sidewalks are uneven, either because they were so constructed, or because they have become so by wear or other incidents arising from the lapse of time. Normally a person using the sidewalk of a city may assume it to be reasonably safe for use and is not required to keep his eyes on the

sidewalk constantly. (*Water Co. v. Whiting,* 58 Kan. 639, 50 Pac. 877.) He is not forbidden to use a defective sidewalk (*Garnett v. Smith,* 72 Kan. 664, 83 Pac. 615), but when he knows a sidewalk is defective and uses it he cannot ignore its condition, but must use such care as a reasonably prudent person would use with knowledge of the imperfect condition of the walk. (*Dunfee v. City of Iola,* 92 Kan. 121, 139 Pac. 1029; *Ade v. City of Wichita,* 141 Kan. 497, 41 P. 2d 734; *Doyle v. City of Herington,* 142 Kan. 169, 45 P. 2d 890; *Billings v. City of Wichita,* 144 Kan. 742, 62 P. 2d 869.) Where a defect is known and no care is used negligence is established, and where the evidence is undisputed the question is one of law. (*Billings v. City of Wichita,* supra.)

Sometimes an imperfection in a walk may be of such a character that the court can say, as a matter of law, that it does not constitute an actionable defect. (*Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919.) On the other extreme, there are those conditions which the courts would say, or the city would concede, that the condition of the street or walk is dangerous. (*Billings v. City of Wichita,* supra; *Schuchmann v. Kansas City,* 156 Kan. 282, 133 P. 2d 132.) In between these extremes there are conditions where the question whether the imperfection in the street constitutes an actionable defect is one for the determination of the jury and the trial court. (*Hartford v. Graves,* 8 Kan. App. 677, 57 Pac. 133; *Osage City v. Brown,* 27 Kan. 74; *Dalke v. City of Inman,* 122 Kan. 728, 253 Pac. 240; *Durkin v. Kansas City Public Service Co.,* 138 Kan. 558, 27 P. 2d 259.) Where, as here, the walk had been substantially in the condition it was at the time plaintiff fell for as long as six or eight years, and is situated in a built-up residential section of the city, the fact that no one previously had tripped or fallen because of the alleged defect in the street is a circumstance that must be taken into account in determining whether it is reasonably safe for use. The facts of the particular situation, and the circumstances shown by the evidence with respect to its use, are matters which must be taken into account, and for this purpose each case must depend upon its own facts and circumstances. (*Henn et vir. v. City of Pittsburgh, Aplnt.,* 343 Pa. 256, 22 A. 2d 742.) In this case plaintiff's husband, and other witnesses called by plaintiff, who had used this walk many times had no difficulty in using it with safety. The plaintiff, as she approached the imperfect slab in this sidewalk, saw it and saw that

it was necessary for her to step up onto the imperfect slab. By looking she could have seen there was a step down. There was plenty of light to enable her to see that. The place where she stepped down, it is fair to say, did not exceed three inches. The plaintiff, in stepping down, did not catch her foot on anything; she simply stepped to a place where the walk was three inches lower. Naturally this would have happened if there had been a slant from east to west in the walk.

In this situation we feel compelled to hold that the defendant city was not liable. Such holding is based upon the fact that the irregularity of the walk, as it was used by the plaintiff, did not make the walk unsafe for reasonable use. The same result is reached by our holding, which plaintiff's evidence clearly shows, that after she saw the walk and stepped on it she then paid no further attention to where she stepped.

After defendant's demurrer to plaintiff's evidence was overruled defendant offered no evidence and the case was submitted to the jury, which answered special questions. Defendant moved to set the answers aside as not being sustained by the evidence. This was overruled, as was also defendant's motion for a new trial. Appellant presents some questions involving those rulings, but in view of the conclusion we have reached with respect to the demurrer to the evidence we do not find it necessary to rule upon the other questions.

The judgment of the court below should be reversed with directions to enter judgment for defendant. It is so ordered.