No. 37,446

Rhoda Blanche Smith, *Appellee*, v. Adaline Krebs (J. T. Allen) and The City of Coffeyville, *Appellants*.

(203 P. 2d 215)

Opinion filed March 5, 1949.

*Dallas W. Knapp,* of Coffeyville, argued the cause, and *Frank W. Liebert,* city attorney, and *Charles D. Knapp,* of Coffeyville, were with him on the briefs for appellant City of Coffeyville.

*A. A. Baker,* of Coffeyville, argued the cause and was on the briefs for appellant Adaline Krebs.

*Clement H. Hall,* of Coffeyville, argued the cause, and *Roy Kirby,* of Coffeyville, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for damages for personal injuries alleged to have resulted from the negligence of defendants.

They have appealed from an order of the court overruling appellants' demurrers to plaintiff's evidence. The facts may be stated as follows: In Coffeyville, Walnut street is a north-and-south street. The 1100 block has businesses such as bottling works, garages and filling stations. On the east side of the street, at about 1107, there is a two-story brick building with a basement on a fifty-foot front, in front of which there is a cement sidewalk about twelve feet wide. The building was constructed about 1909. Before or at the time it was built there was constructed what is spoken of as an areaway or vault extending across the front of the building under the sidewalk. The interior of this is about three feet wide. Its walls are laid up with flagstones, which are connected into the walls of the basement. Between it and the basement is an opening about four and one-half feet wide, with pilasters on each side and a steel beam across the top, so that one can enter this vault from the basement. The purpose of building this vault or the use that had been made of it over the years was not shown. At the time of the happening of the injury of which plaintiff complains it had some old planks or lumber in one end of it, and otherwise appears not to have been used for many years. Over the vault and through the cement sidewalk were three holes in the cement about two and one-half feet square. Each of these was covered by 2 by 6 inch plank, which rested on 2 by 4 cross pieces, which rested on a niche or shoulder in the sidewalk, apparently constructed for that purpose. Plaintiff was a school teacher, whose home was in Pratt. She and others were in Coffeyville to attend a meeting pertaining to their educational work. On June 1, 1947, she and two other persons interested in the same work were walking north on the east side of Walnut street in the 1100 block to attend a meeting. Plaintiff was on the east part of the walk nearest the building. She walked over one of these openings, but when she got to the next one stepped on a plank near the center of it. The plank gave way and her foot and leg went down into the hole. Her right leg and ankle were crumpled in such a way as to be injured. After presenting to the city a claim for damages, which was denied, she filed this action in the district court. She named as defendants Adaline Krebs, who owned the building, J. T. Allen, alleged to be the tenant of the building, and the city of Coffeyville. On the trial it developed that she had named the wrong person as tenant; that one Joe Allen, not a party to this action, was in fact the tenant; hence J. T. Allen's demurrer to plaintiff's evidence was

sustained. The separate demurrers of Mrs. Krebs and of the city were overruled. The trial proceeded, with the result that there was a hung jury.

On behalf of the city, as appellant here, it is contended that the city had no notice of any defect in the street. The evidence was that the boards over these openings looked sound and were level with the cement walk; that when the plaintiff stepped on the board which gave way with her an examination of it disclosed that it had rotted from the under side. It is argued by appellant and conceded by appellee that the city had no actual knowledge or notice that the board had weakened by rotting from underneath.

The evidence in this case disclosed that all of the sidewalk is in the street. It is well settled in this state that the title to the street is in the county (G. S. 1935, 12-406); that the use and control of it is in the city (G. S. 1935, 12-848), and that the city has the duty of keeping the street and sidewalk in reasonably safe condition for use by travelers in the street or by pedestrians on the sidewalk. The city is not an insurer of those who use the streets and sidewalks. Its duty does not require it to have perfect streets and sidewalks. Its only duty is to furnish streets and sidewalks that are reasonably safe and suitable for the use made of them by the public. Its liability for injuries to persons which result from defects of the streets or sidewalks arises by reason of the negligence of the city in failing to provide streets and sidewalks which are reasonably safe for use. It is a tort liability and the general rule is that the city is not negligent and has no liability for injuries to persons using the sidewalks resulting from a defect therein unless it has knowledge or notice of such defect and an opportunity to repair it. The following is a list, not intended to be complete, of our cases in which these principles have been announced and applied to the facts of the respective cases: *Jansen v. City of Atchison,* 16 Kan. 358; *City of Atchison v. Jansen,* 21 Kan. 560; *Kansas City v. Bradbury,* 45 Kan. 381, 25 Pac. 889; *City of Abilene v. Cowperthwait,* 52 Kan. 324, 327, 34 Pac. 795; *Street Rly. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012; *Holitza v. Kansas City,* 68 Kan. 157, 74 Pac. 594; *Blankenship v. Kansas City,* 156 Kan. 607, 611, 135 P. 2d 538; *Smith v. Kansas City,* 158 Kan. 213, 219, 146 P. 2d 660.

The general rule is that when a street or sidewalk is once constructed so that it is reasonably safe for use of travelers or pedestrians and later becomes defective the city cannot be said to be

negligent so as to be liable in tort resulting from the use of such defective street until the city has knowledge or notice of such defect and has a reasonable opportunity to repair it. Under plaintiff's evidence the holes in the sidewalk had been covered in the same way they were covered at the time of plaintiff's injury for as long as the present owner had owned the property, which was since about 1933, and perhaps ever since the building was constructed about 1909. There is no evidence of anyone having previously sustained an injury by reason of the fact that they were so covered.

In our cases above cited the rule has been consistently followed that where the city has knowledge of a dangerous defect in the street or sidewalk it is negligent if it does not repair the place at once. The rule has also been laid down that if the defect is patent and has existed long enough so that the city should have known of it, the city is liable even though it did not actually have knowledge of the defect. In this case it is conceded the city did not have knowledge of the defect, and there is no claim that it was patent. The board plaintiff stepped on looked as sound as any of the others. There was nothing in the appearance of the covering over the hole in the sidewalk which would cause anyone looking at it to think it was otherwise than sound.

Therefore, under the authority of the cases above cited it is clear that no negligence of the city was shown.

In support of the ruling of the trial court appellee argues that a proper inspection of the plank which gave way with the plaintiff, from underneath, would have disclosed the board was rotting and that the city was negligent in not making such an inspection. With reference to inspection of sidewalks the evidence disclosed that the policemen of the city were given orders to observe the condition of sidewalks and streets while on duty and to report any defects therein, and that the street department, when notified either through the police department, or from any other source, or from their own observation of a defect in the streets or sidewalks of a character which was likely to cause injury, promptly repaired it. Counsel for appellee argue that was not a sufficient performance of the duty of the city. They cite none of our cases on that point and state this court has not heretofore been called upon to determine it. Perhaps our case nearest to it is *Jones v. Walnut Township,* 59 Kan. 774 (memo only), reported in full in 52 Pac. 865. There the township trustee was notified generally that a bridge was defective and

ordered the road overseer to repair it. He did so by putting new boards on the floor. At that time the stringers to which he nailed the boards appeared to be sound and in good condition, because nails driven into them through the flooring "drew down into it, and took hold in it." After the making of the repairs by the road overseer no further notice was given to the township trustee of any defect in the bridge. The bridge upheld the public travel for seven months thereafter, when plaintiff's intestate drove over the bridge, when a rotten stringer to which the flooring had been nailed gave way, and it was held that the notice given the trustee before the repairs were made was not sufficient notice to bind the township. See, also, *Scruggs v. Board of County Commissioners,* 71 Kan. 848, 80 Pac. 595.

Counsel for appellee cite a few cases from other states and among them the case of *Sherwin v. City of Aurora,* 257 Ill. 458, 100 N. E. 938, which they characterize as a "bay horse" case on the facts. In that case there was a vault or areaway in front of a building under a sidewalk, much as the one here. This was covered with an iron frame in sections about four feet square in which were set bull's-eyes, which were held in place by cement and weighed about 250 pounds. These sections were supported by iron beams which rested on stone pillars. There was an opening in the areaway to the basement. There was testimony that a structure of this kind should be good for fifty years. The basement was damp and that, together with water or snow from above, had caused the iron framework to rust and become weak, and it fell when a pedestrian stepped upon it. It was held that the city should have inspected this framework from beneath, discovered the weakness of the framework and had it repaired. In the opinion it was said:

"Appellant cites and relies upon the case of *Buckley v. Kansas City,* 156 Mo. 16 [56 S. W. 319], a case in which the facts are almost identical with those here and in which the court held the city was not liable. The holding in that case is contrary to the rule in this State, and we decline to follow it." (p. 464.)

We think the rule in this state follows that of the Missouri court rather than of Illinois, and with due respect to the Illinois court we decline to follow it in this case. Plaintiff's evidence disclosed that Joe Allen (not a party to this action), the tenant of the building, which abutted the sidewalk, in June, 1946, a little less than a year before plaintiff's injury, had placed new boards over the

opening through which she fell. Under just what authority he did that is not disclosed by the evidence. Mrs. Krebs, who owned the property, in her answer alleged that the contract with her tenant required him to keep the property in good repair. But this contract was not referred to in plaintiff's evidence. The evidence further disclosed that there were five 2 by 6 planks on the opening through which plaintiff fell; that the other four were tested and found to be sound after her injury, as were also the planks on one if not both of the other openings. We think it would be placing too great a burden upon the city to hold that it was required to go in this basement and the areaway and inspect it from the bottom every few weeks to determine if boards were sound, and that it cannot be held that the city was negligent in not doing so. The result is, the city's demurrer to plaintiff's evidence should have been sustained.

We turn now to the appeal of Adaline Krebs. The evidence discloses that she was the owner of the lots upon which the building at 1107 Walnut street was situated; that the building is entirely upon the lots owned by her; that none of it is in the street; that the entire sidewalk in front of the premises is in the street. These facts do not render her liable to plaintiff. Appellee calls our attention to G. S. 1935, 13-439, which authorizes the city to regulate or prohibit excavations under the sidewalk in the city. There is no showing that any action had ever been taken by the city under and by virtue of this statute, and we fail to see its application here. Plaintiff pleaded and introduced in evidence an ordinance of the city enacted in 1911, section 1 of which requires the owner of lots abutting on the street to repair the sidewalk in front of such lots, and makes it the duty of the street commissioners, in the event the owner fails to do so, to give five days' notice to the owner of the necessity of repairing the sidewalk, and if the sidewalk is not repaired within that time the city may do it and have the cost thereof taxed against the lots. This pertains to how the cost of repairs should be made and has no direct application to who is liable for injuries resulting from defects in the sidewalk. The provision of the ordinance with reference to giving notice to the owner presupposes that the city knew the sidewalk was out of repair. Section 2 of the ordinance pertains to how the repairs should be made, and specifically provides that the walk should be repaired with good material, of the same kind, of the same dimensions, and

of the same quality used in the construction of the sidewalk. As previously noted, the evidence disclosed that the material used over these holes in the pavement was the same as that used when this appellant first acquired title to the property in 1933, and perhaps was the same used in the original construction, or at least there was no evidence to the contrary. The evidence further discloses that in fact this particular place where plaintiff fell was repaired about a year prior to her injury, of the same material which previously had been used. While it is not clear from the evidence under what authority the repairs were made, we think that is of no concern to the plaintiff. Counsel for appellee correctly cite *Jansen v. City of Atchison*, 16 Kan. 358, as a leading case in this state both as to liability of the city and as to the liability of the lot owner. We think the holding of the court in that case, when applied to the facts here, shows lack of liability to plaintiff both of the city and of the lot owner. We previously cited it as among other cases dealing with the liability of the city. As to the lot owner it was held:

"Before the lot-owner can be held responsible, there must appear some negligence on his part, or he must have tresspassed upon the sidewalk by obstruction upon the surface, or excavation beneath, and such negligence, obstruction or excavation caused the injury." (Syl. ¶ 6.)

The evidence here does not show any negligence of plaintiff, as referred to in the quoted syllabus, or that she tresspassed upon the sidewalk by placing obstructions thereon. In their brief counsel for appellee disclaim any liability of Mrs. Krebs because she is an abutting lot owner, or by reason of the obligation imposed upon her to repair the sidewalk. They base their claim of liability against her for the maintenance of the vault or the areaway under the sidewalk. Under the record in this case that claim is untenable.

The result is the judgment of the trial court should be reversed with directions to sustain appellants' respective demurrers to plaintiff's evidence. It is so ordered.

ARN, J., not participating.