No. 38,978

GULA WRIGHT, *Appellant,* v. CITY OF WICHITA, *Appellee,* and FOX-VLIET DRUG COMPANY, *Defendant.*

(257 P. 2d 1115)

Opinion filed June 6, 1953.

*Russell Cranmer,* of Wichita, argued the cause, and *Payne H. Ratner, Ora D. McClellan, Louise Mattox, Payne H. Ratner, Jr., Keith Sanborn* and *Gerald L. Michaud,* all of Wichita, were with him on the briefs for the appellant.

*Douglas E. Shay,* assistant city attorney, argued the cause, and *Fred W. Aley,* city attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff brought an action against the defendant city and against Fox-Vliet Drug Company, an abutting property occupant, to recover damages for injuries sustained when she fell on a public sidewalk. The demurrer of the defendant drug company to

the plaintiff's petition was sustained and there was no appeal from that ruling. The demurrer of the defendant city was sustained and from that ruling the plaintiff has perfected her appeal.

Insofar as need be noticed the petition charged that on February 13, 1950, ice collected on the sidewalk in the front of 217 South Market Street in Wichita; that on February 14, 1950, at 6:00 A. M. the ice was still there and snow fell at the time, accumulating on the sidewalk; that about 8:45 A. M. of that day plaintiff was walking with due care in front of 217 South Market Street when, due to the negligence of the city in failing to properly maintain the sidewalk and to remove the snow therefrom, plaintiff fell and was injured; that the negligence of the city was the proximate cause of the injuries to the plaintiff and that the city was guilty of the following acts of negligence:

1. In permitting the sidewalk to become and remain rough, uneven, ridged and sloped. "The slope was approximately five degrees towards the street."

2. In permitting the sidewalk to become rough, uneven, ridged and sloped so that when ice and snow collected on it, it was dangerous to life and limb.

3. Pertains to failure to remove the snow and ice.

4. Pertains to failure to remove snow and ice, "or surfacing the sidewalk with suitable material."

It was further alleged that the rough, uneven, ridged and sloped condition of the sidewalk had existed for several weeks or more before plaintiff received her injuries; that snow and ice had previously formed on the sidewalk and by reason thereof the city knew or should have known of the dangerous condition of the sidewalk. Plaintiff further alleged that on May 12, 1950, she filed her claim with the defendant city, and that she sustained certain injuries which are set out at length.

Although the abstract discloses that certain motions were directed against the petition by both defendants, none of the motions asked that the petition be made more definite and certain as to the grounds of negligence pleaded or as to the time the city had notice of the claimed defective sidewalk. The city's demurrer was on the ground that the petition did not state facts sufficient to constitute a cause of action. As has been noted, this demurrer was sustained and the appeal followed.

In support of the trial court's ruling the appellee directs atten-

tion to our cases holding that the accumulation of ice and snow placed on sidewalks by natural causes does not give rise to a cause of action against the city by one injured in falling thereon, citing *Fields v. City of Leavenworth,* 144 Kan. 207, 58 P. 2d 1065, and some of the cases mentioned therein, and to other of our cases holding that slight defects and irregularities are not actionable defects, citing *Ford v. City of Kinsley,* 141 Kan. 877, 44 P. 2d 255; *Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919; and *Blankenship v. Kansas City,* 156 Kan. 607, 135 P. 2d 538. Under separate headings the appellee then expands on the rules above stated, citing textbook authority, decisions from other jurisdictions and some of our cases noted above. Under another heading appellee treats the question of a defect in the sidewalk concurring with ice and snow thereon, citing *Moore v. Winnig,* 145 Kan. 687, 66 P. 2d 372, from which it quotes extensively.

In view of our conclusion later stated, we find it unnecessary to comment on the rules stated or to review the cases relied on for we approve the rules and have no disposition to recede from what the cases hold.

Appellant, directing attention to the rule stated in *Fyne v. Emmett,* 171 Kan. 383, 233 P. 2d 496, that in construing sufficiency of a pleading all of the allegations thereof are to be considered together and that it is not proper to segregate allegations and determine their sufficiency without regard to the whole pleading, contends that her petition discloses that she is not relying upon the defective sidewalk alone, nor upon the ice accumulated thereon alone, nor upon the snow accumulation alone, but that she is relying upon the combination of all three elements as constituting a hazardous condition of the sidewalk at the time she was injured. In support of her contention that she may do so she relies on *City of Atchison v. King,* 9 Kan. 550; *Evans v. City of Concordia,* 74 Kan. 70, 85 Pac. 813; *Ade v. City of Wichita,* 141 Kan. 497, 41 P. 2d 734, and cases from other jurisdictions. Extended review of these cases will not be made. In the *King* case the question arose on a requested but refused instruction. In its discussion this court said:

"Where the sufferer is in no fault, using ordinary care and diligence, and is injured by a defect in a public sidewalk, although the slippery state thereof may have combined with the defect to produce the accident, we cannot but hold that the city that constructs the walk, and invites people to walk upon it, and then permits it to remain in an unsafe and dangerous condition, is liable. So holding, the instruction was properly refused." (1. c. 559.)

The argument as to the Evans case, *supra*, is predicated on the inclusion of the phrase "and no other defect is claimed" in the syllabus and similar language in the opinion. The inference that two elements may be relied on may be proper, but there was no discussion in the opinion. In the Ade case, *supra*, the precise question now presented was not discussed. It was said the petition stated a cause of action but the question of concurrence of elements of negligence was not discussed, the appeal being determined on the question of plaintiff's contributory negligence.

We need not pursue the above contention further for whether the plaintiff may place reliance on a combination of negligent acts, all of which are to be considered together, it still remains that if a cause of action is stated with respect to any one of the elements, the petition would not be demurrable.

In the instant petition appellant alleged that the city was negligent in permitting the sidewalk to become "rough, uneven, ridged and sloped. The slope was approximately five degrees towards the street." Appellee did not motion this allegation and under familiar rules appellant is entitled to a liberal construction thereof. Insofar as the slope is concerned, appellant has specified its degree and we have no hesitancy in holding as a matter of law that it was so slight as to be not actionable. But the same cannot be said with respect to the sidewalk being rough, uneven and ridged. We are entirely in the dark as to the extent to which it was ridged. We may not assume the ridges were so slight that they constituted no actionable defects, as was determined in analogous cases. See e. g. *Ford v. City of Kinsley, Biby v. City of Wichita* and *Blankenship v. Kansas City*, all *supra*, and *Taggart v. Kansas City*, 156 Kan. 478, 134 P. 2d 417, and *Pierce v. Jilka*, 163 Kan. 232, 181 P. 2d 330, in each of which this court considered the evidence and was thus able to reach a determination.

In *Taggart v. Kansas City*, supra, it was said:

"Sometimes an imperfection in a walk may be of such a character that the court can say, as a matter of law, that it does not constitute an actionable defect. (*Biby v. City of Wichita*, 151 Kan. 981, 101 P. 2d 919.) On the other extreme, there are those conditions which the courts would say, or the city would concede, that the condition of the street or walk is dangerous. (*Billings v. City of Wichita*, supra; *Schuchmann v. Kansas City*, 156 Kan. 282, 133 P. 2d 132.) In between these extremes there are conditions where the question whether the imperfection in the street constitutes an actionable defect is one for the determination of the jury and the trial court. (*Hartford v. Graves*, 8 Kan. App. 677, 57 Pac. 133; *Osage City v. Brown*, 27 Kan. 74; *Dalke v. City of*

*Inman,* 122 Kan. 728, 253 Pac. 240; *Durkin v. Kansas City Public Service Co.,* 138 Kan. 558, 27 P. 2d 259.)" (l. c. 481.)

In the present state of the pleadings we are not in a position to say as a matter of law, that there was no defect in the sidewalk. What the evidence may disclose is quite another matter. Giving the allegations of the petition an interpretation favorable to the appellant we are of the opinion it must be said the petition stated a cause of action insofar as a defect in the sidewalk is concerned.

Appellee contends however that the petition disclosed that plaintiff was guilty of contributory negligence. It relies principally on the three cases next mentioned. The first is *Taggart v. Kansas City,* supra, syl. ¶ 4, where it was held that one using a sidewalk should use due care for his own safety, and while not required to keep his eyes on the sidewalk constantly, "when he knows of an irregularity in the sidewalk due care requires that he attempt to use it with safety to himself." That holding was based on the evidence in that case. The present petition does not allege that plaintiff knew the sidewalk was ridged. We think a mere reading of *Ade v. City of Wichita,* supra, where it was held under the evidence that plaintiff was guilty of negligence, will disclose that it does not support the city's contention. In *Blankenship v. Kansas City,* supra, it was said, in part:

"In view of this holding it is not necessary for us to determine whether the evidence disclosed plaintiff was guilty of contributory negligence as a matter of law. We speak of the matter only to clarify what appears to have been an erroneous idea not only of the plaintiff but of the trial court. At one place in plaintiff's testimony she stated, when she walked diagonally across the street and stepped up on the curbing and to the sidewalk, 'I didn't keep my eyes glued to the sidewalk.' Apparently plaintiff thought she was under no duty to do so, and this idea permeated to some extent the instructions given and was used as a basis by the court in harmonizing conflicting special findings of the jury. When one using a sidewalk does not know that it is out of repair or otherwise dangerous to use he is not guilty of negligence for assuming it to be reasonably safe for use; but when he knows the sidewalk is out of repair or is dangerous to use because of ice or snow upon it, or for any other reason, he cannot shut his eyes to what is before him and he is under the duty, which people normally are, to use due care for his own safety. See *Dunfee v. City of Iola,* 92 Kan. 121, 139 Pac. 1029; *Ade v. City of Wichita,* 141 Kan. 497, 41 P. 2d 734." (l. c. 613.)

What is said in the above quotation does not permit us to say as a matter of law that the plaintiff was guilty of negligence. As stated above, there is no allegation that plaintiff knew of the defect in the ridged condition of the sidewalk. The most she knew, according

to her allegations, was that it had snowed and that snow and ice remained on the sidewalk. The mere fact she walked on such a walk could hardly be said to convict her of negligence as a matter of law. In *Billings v. City of Wichita,* 144 Kan. 742, 62 P. 2d 869, it was held:

"The rule is that the use of an apparently defective sidewalk does not charge the user with negligence provided the user exercises such care as a reasonably prudent person would exercise under similar circumstances. (Following *Ade v. City of Wichita,* 141 Kan. 497, 41 P. 2d 734.)" (Syl. ¶ 1.)

As the pleading stands we are of the opinion the question of contributory negligence must be determined from the evidence.

And lastly in support of the ruling in its favor the appellee contends it had no actual notice of the existence of a defect in or of the ice or snow on the sidewalk and that constructive notice cannot be charged under the allegations of the petition. We shall not discuss the question at any length. We agree that there is no sufficient allegation to charge the city with notice as to the ice and snow. As stated before, the allegation was that the ridged condition of the sidewalk had existed for several weeks or more before plaintiff was injured and that the city knew or should have known of the dangerous condition of the sidewalk. For present purposes we shall treat the allegation only as charging that the city should have known of the defect. (See *Stringer v. Calmes,* 167 Kan. 278, Syl. ¶ 1, 205 P. 2d 921.) In *Billings v. City of Wichita,* supra, relied on by the appellee, this court held:

"Municipalities are charged with some measure of active duty in the inspection and repair of streets and sidewalks and as such they ordinarily have imposed upon them a greater duty to discover defects in sidewalks than an ordinary passer-by who is using the defective walk for the first time, and this rule is especially applicable where the same defect has existed for more than three years." (Syl. ¶ 4.)

The above syllabus was stated in view of the facts of that case and is not to be interpreted that in order the city may be constructively charged with notice the defect must have existed for three years. In the early case of *City of Salina v. Trosper,* 27 Kan. 544, where other elements were involved, it was held that where a hole in a sidewalk had existed for months and probably for a longer time before the accident occurred (exact time not shown), it should be presumed the city had notice of the dangerous character of the hole. In *Street Rly. Co. v. Stone,* 54 Kan. 83, 37 Pac. 1012, it was contended the city had no notice. This court held:

"Where a petition alleges that the city, on the date of the injury complained of, and for a long time before that date, negligently and carelessly permitted a street railway company to construct and maintain its track on a street of the city in such a careless and negligent manner as to dangerously obstruct travel, and further alleges that the railway company constructed its track over and along the street of the city in such a careless and negligent manner that the same was, on the day of the injury, and for a long time before that day, a dangerous obstruction to travel on the street, *held*, that in the absence of any attack upon the petition by demurrer or motion, the allegations were sufficient to charge the city with notice or knowledge of the defect or obstruction in the street caused by the construction and maintenance of the track of the street railway." (Syl. ¶ 3.)

In the recent case of *Smith v. Krebs*, 166 Kan. 586, 203 P. 2d 215, *the defect was latent, but in discussing notice it was said:*

"In our cases above cited the rule has been consistently followed that where the city has knowledge of a dangerous defect in the street or sidewalk it is negligent if it does not repair the place at once. The rule has also been laid down that if the defect is patent and has existed long enough so that the city should have known of it, the city is liable even though it did not actually have knowledge of the defect." (l. c. 589.)

A review of the last cited cases and of those referred to therein leads to the conclusion that the allegations as to notice are sufficient that proof should be taken thereon and that it may not be said as a matter of law that the city had no notice.

In our opinion the trial court erred in sustaining the demurrer of the appellee city. Its ruling and judgment is reversed and the cause remanded with instructions to overrule the demurrer.