Lula D. HALE and Dale Hale, Husband and Wife, Appellants,

v.

The CITY OF ANCHORAGE, a Municipal Corporation, Appellee.

No. 334.

Supreme Court of Alaska.

Feb. 24, 1964.

Bailey E. Bell and James K. Tallman, Anchorage, for appellants.

Harland W. Davis and Clyde C. Houston, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant, Lula Hale, brought this action for personal injuries after she slipped and fell upon ice on a public sidewalk in the City of Anchorage in December 1958. In a brief oral decision at the end of the trial the judge found that appellant was contributorily negligent, and directed entry of judgment for the city. More than one year after the trial, a formal judgment was entered by a successor judge—the trial judge in the meantime having been retired for disability.

Before reaching the main issue in this case, there are two other points to consider. Appellant first contends that since formal findings of fact and conclusions of law were never entered by the judge who tried the case, the successor judge had no authority to enter a judgment, and therefore a new trial should be ordered. We do not agree. The oral decision of the trial judge is sufficient to indicate the factual basis for his conclusion that the city should prevail, and therefore meets the requirements of Civ.R. 52(a).[1] The filing of a transcript of the oral decision was equivalent to the filing of findings of fact and conclusions of law. If by reason of disability

---

1. Civ.R. 52(a), which requires the court to make findings of fact and conclusions of law, states in part that "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

a judge before whom an action has been tried is unable to carry on after the findings and conclusions have been filed, a successor judge is authorized by Civ.R. 63(c) to perform the remaining duties, which include the entering of a judgment.[2] The entry of judgment in this case by the successor judge was entirely proper. A new trial is not required.

We agree with appellant's second contention—that the trial judge erred in finding that appellant was contributorily negligent. She slipped and fell on a portion of a sidewalk covered with ice that had a little fresh snow on top. She and her husband had crossed the area once before with safety in going to a store, and she fell while they were crossing the area again to reach their automobile. At the place where the accident occurred, the sidewalk sloped toward the street because of a curbcut for a driveway giving vehicles access from the street to adjacent property. Appellant and her husband both knew that the area where she fell was slippery, but they were obliged to cross it in order to get back to their car. They had a choice of staying on the sidewalk portion of the area, or walking out in the street. They chose the sidewalk, and appellant's husband held her arm while they were walking. They noticed that other pedestrians were crossing the area involved —some by remaining on the sidewalk and others by walking in the street.

■ Under these facts the judge held that because appellant had deliberately walked where she did, knowing that the spot was icy, she was negligent. This is not the law. Mere knowledge of the icy condition before passing over it does not establish negligence.[3] The test is whether appellant, knowing of the icy condition, reasonably believed, and had a right to believe that she could cross the area safely by the exercise of ordinary care.[4] The only inference that reasonably can be drawn from the facts is that appellant entertained and had a right to entertain such a belief. Appellant had crossed the same area earlier with safety. Other pedestrians were crossing it without injury. A reasonably prudent person had a right to expect that he could make the crossing without injury. It is true, as appellee points out, that the judge stated that appellant had noticed that someone had previously fallen in the particular spot. But here the judge was mistaken. Appellant was asked by appellee's counsel whether she had stated in a pre-trial deposition that she had noticed a child fall, and she answered that she did not remember the child falling nor did she remember making such a statement. The matter was not pursued further. There was no evidence that appellant had seen anyone else fall in the area where she fell.

■ Nor are there any facts from which it might be inferred that appellant's manner of crossing was negligent. She had tape on her shoes to give protection from slipping, and at the time she fell her husband was holding her arm. There was no evidence from which it could be reasonably inferred that appellant's injury resulted from conduct on her part which fell below the standard to which she ought to have conformed for her own safety.[5] A finding of contributory negligence was clearly erroneous.

■ We now reach the principal issue in this case—whether the city is liable for appellant's injuries. The trial judge made no explicit finding that the city was negligent. But it appears clear enough that this is what he intended; for he stated that he didn't think the city was "quite as diligent as it should have been in maintaining that particular area of the sidewalk", and his finding of contributory negligence on appel-

2. Pollastrine v. Severance, 375 P.2d 528 (Alaska 1962).

3. Wright v. City of Wichita, 174 Kan. 686, 257 P.2d 1115, 1118, 41 A.L.R.2d 732 (1953).

4. Geagley v. City of Bedford, 235 Iowa 555, 16 N.W.2d 252, 256 (1944).

5. See Van Reenan v. Golden Valley Elec. Ass'n, Inc., Opinion No. 127, 379 P.2d 958, 961 (Alaska 1963), defining contributory negligence.

lant's part postulates a finding of negligence on the part of the city.[6] In any event, it is unnecessary to remand the case for another trial and determination on the issue of the city's negligence, because we find that the city is not liable under the undisputed facts of this case.

In a case which arose while Alaska was a Territory, the federal Court of Appeals for the Ninth Circuit, which then acted as Alaska's appellate court, established a rule defining municipal liability for injuries caused by snow and ice on sidewalks. In Gilfilen v. City of Seward[7], the court said:

> "There appears to be no statute or settled rule of law in Alaska in respect of cases of this nature. In the 1955 edition of A.L.R.2d under the caption 'Sidewalks' and at 13 A.L.R. 73 the subject is extensively annotated. Generally speaking, it is the rule that where liability is imposed on a city for failure to remove snow from sidewalks, the liability is predicated on negligence. In the absence of statute the law is generally that a city is not liable to pedestrians who slip on sidewalks covered with a smooth sheet of ice or snow. The weight of authority, however, is that if snow and ice are permitted to accumulate on a walk until, either by the passing of pedestrians over it, or otherwise, the surface has become so rough or uneven that it is difficult or dangerous for persons to pass over it, then the city may be liable to pedestrians injured by slipping thereon."

We decline to adopt the foregoing rule as the law for the State of Alaska.[8] Such a rule is unrealistic considering the winter weather conditions in the latitude of the City of Anchorage. A "smooth" sheet of snow, as mentioned in the Gilfilen case, simply does not exist for all practical purposes.

Pedestrians and vehicles convert a covering of fresh snow into rough and uneven surfaces almost immediately after the snow has fallen and before it can be removed from the city's streets and sidewalks. The passage of vehicular and foot traffic over snow causes the surface to melt slightly, and due to temperatures which commonly prevail, the melting is followed almost immediately by freezing and the formation of ice. This icy condition is aggravated by alternate thawing and freezing caused by frequent changes in temperature. The City of Anchorage has 80 miles of paved sidewalks and about 178 miles of unpaved walks, and hundreds of curbcuts or driveways such as the one involved in this case. It would be an impossible task for the city to clean all of the sidewalks and curbcuts before pedestrian and vehicular traffic caused ice to form in rough and uneven ridges.

It is apparent from exhibits in this case that the place where appellant fell was covered by a thick sheet of solid ice with uneven surfaces that had been caused principally by the passage of vehicles from the street to adjacent property through a curbcut and over the sidewalk. Admittedly, walking on this area was hazardous. But we know from the evidence, and also from our own experience, that the most diligent effort to clean off such an area would leave a smooth surface of ice, more dangerous than the original condition because of the sloping sidewalk caused by the curbcut and because of the removal of the uneven surfaces of ice that could provide footing.

We conclude that a municipality is not liable for injuries sustained by persons due to ice and snow on sidewalks, where climatic conditions such as we have discussed are prevalent and where the presence and condition of the ice and snow are the

---

6. Hamilton v. Laclede Elec. Co-op., 294 S.W.2d 11, 14 (Mo.1956).

7. 262 F.2d 864, 866 (9th Cir. 1959).

8. In City of Fairbanks v. Schaible, 375 P. 2d 201, 209 (Alaska 1962), we held that this court is not bound by decisions respecting state law rendered by the Court of Appeals for the Ninth Circuit while Alaska was a Territory.

result of natural causes.[9] We do not pass upon situations where ice and snow conditions may be due to unnatural or artificial causes.[10] Suffice it to say here that the condition of the sidewalk where appellant slipped and fell was the result of natural causes where the facts showed that the accumulation of ice on the sidewalk resulted from a combination of snowfall, prevailing weather conditions, and the passage of pedestrian and vehicular traffic over the snow.[11]

The City of Anchorage is not liable for appellant's injuries. The judgment is affirmed.

9. Strappelli v. City of Chicago, 371 Ill. 72, 20 N.E.2d 43 (1939), reversing Strappelli v. City of Chicago, 295 Ill.App. 469, 14 N.E.2d 986 (1938).

10. For cases discussing municipal liability where slippery conditions result from artificial or unnatural causes, see Pearson v. Boise City, 80 Idaho 494, 333 P. 2d 998 (1959).

11. Strappelli v. City of Chicago, supra, note 9; Casper v. City of Chicago, 320 Ill.App. 269, 50 N.E.2d 858 (1943).