**Billie Jean GUNSOLUS, Appellant,**

v.

**CITY OF FAIRBANKS, Alaska, a municipal corporation, Appellee.**

**No. 356.**

Supreme Court of Alaska.

April 9, 1964.

Robert A. Parrish and Millard F. Ingraham, Fairbanks, for appellant.

Mary Alice Miller of Collins & Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellant slipped and fell on ice which had formed on a metal grating covering a municipal steam line located on a street intersection crosswalk in Fairbanks, Alaska. A jury found against appellant in her negligence suit.

The first point urged on appeal is that it was error for the trial court to instruct the jury not to consider, on the issue of negligence, evidence of subsequent re-

pair of a dangerous condition, where no timely objection to the introduction of the evidence was made.

Appellant's husband testified that he visited the scene of the fall later on the day of the fall and saw ice and snow around the iron grating. Counsel for appellant then asked the witness:

"Q. Was there anything else at the manhole at that time?

"A. Yes. They had put a fence around it and a sign on it that said 'danger'.

"Q. And what was the fence like?"

Then followed a fuller description of the fence and sign. No objection was made at this particular point in the testimony, but counsel for appellee had objected when the witness first testified that he saw ice and snow around the plate. The objection, which was based on the fact that the witness' visit was at least two hours after the time of the fall, was overruled. Later in the trial, in arguing a motion for involuntary dismissal, appellee moved to strike the evidence. The court stated that it was inclined to strike the evidence, but was concerned about the timeliness of the motion.

As far as can be determined the court took no further action on the motion, but did instruct the jury that evidence concerning welding work and erection of the pipe barricade was not evidence of negligence on the part of the city.

Counsel for appellant, in argument to the jury, before the instructions were read, argued that the jury should consider the fence and danger sign as recognition by appellee of a dangerous condition and suggested to the jury that if these precautions had been taken before the accident, it wouldn't have happened.

In City of Anchorage v. Steward[1] we held that admission of evidence of this nature was error. Although counsel for appellee in the instant case agreed to the ad-mission of the evidence for the limited purpose of showing control over the grating to be in the city, it was of such a nature that the jury might very well consider it as an admission of negligence—particularly after appellant's argument that they should so consider it. In the interests of justice the trial court was correct in instructing the jury not to consider it as evidence of negligence.

Appellant next argues that the trial court erred in instructing the jury that in determining whether the city acted to remedy a dangerous condition of ice and snow within a reasonable time, they might consider:

"The cause and nature of the condition, the practical problem presented, and in general, the necessities and size of the effort; and in this regard you may consider the amount of snowfall in the period preceding plaintiff's fall, the temperature at that time, the equipment of the City used for snow removal and ice control, the number of employees, the time devoted to snow and ice control, the amount of streets requiring this work and the size of the City in area and population."

The giving of this instruction was not error.[2]

Appellant finally contends that error was committed when the court granted to appellee the right to recall and again examine the appellant.

At the time of the trial it was provided by statute that a witness once examined should not be re-examined as to the same matter without leave of court and that leave should be granted or withheld in the exercise of a sound discretion.[3]

Appellant's argument is that before the trial court would have been justified in allowing her to be recalled, appellee must have made a showing of "facts and rea-

1. 374 P.2d 737, 739–740 (Alaska 1962).

2. See Hale v. City of Anchorage, Opinion No. 189, 389 P.2d 434 (Alaska 1964).

3. § 58–4–60 A.C.L.A. (1949) [Now Civ. R. 43(g) (8)].

sons which warrant the exercise of this discretion".

No formal showing was required. Under the wording of the statute, permission would have to be obtained from the court. Before granting or denying permission the court would naturally want to inform itself sufficiently to exercise its discretion. The record here reflects that the court heard counsel for both sides extensively before ruling that appellant could be recalled to be examined as to certain subjects. The court was not required to justify or explain its ruling on the request to recall. Its ruling under those circumstances will not be upset on appeal unless an abuse of discretion is clearly shown. There has been no such showing.

The judgment below is affirmed.