MARY A. SPERTI, as Administratrix, etc., of FRANK SPERTI, Deceased, Respondent, v. CITY OF NIAGARA FALLS, NEW YORK, Appellant.

Fourth Department, March 15, 1939.

*J. William O'Brien*, Corporation Counsel [*John F. McNulty*, *Deputy Corporation Counsel*, of counsel], for the appellant.

*Hovey & Kushner* [*Francis T. Findlay*, of counsel], for the respondent.

PER CURIAM. The death of plaintiff's intestate resulted from a fall on an icy sidewalk in the city of Niagara Falls on January 6, 1936. The charter of the city (Laws of 1916, chap. 530, § 323) provided as follows: " But no such action shall be maintained for damages to person or property sustained in consequence of the existence of snow or ice upon any sidewalk, crosswalk or street unless written notice thereof relating to the particular place was actually given to the superintendent of public service, and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice." No written notice had been given as to the place where plaintiff's intestate fell. The plaintiff sought, however, to escape the effect of the charter provision as to written notice by showing that the city itself had caused the dangerous condition to exist. The sidewalk in question was on the south side of Fort avenue, which runs in an easterly and westerly direction. Fort avenue was an unpaved street. The northerly side of Fort avenue was higher than the southerly side, that is, the general slope of the land downward was to the south so that naturally water from the street would run in a southerly direction. The unpaved roadway in Fort avenue had, in past years, been crowned and in 1934 a ditch or gutter ten inches wide and eight inches deep had been opened by the city between the roadway and the southerly sidewalk. From time to time the city had put cinders on the roadway. The natural flow of the water to the south carried material from the roadway into the gutter and filled it up, and the water thus ran onto the sidewalk on the southerly side and, being frozen, resulted in the icy condition of the walk which caused the injury to the plaintiff's intestate. Undoubtedly, upon these facts, negligence on the part of the city could be predicated on the failure to keep the gutter open after its improvement in 1934, so that the water would not reach the sidewalk. These facts do not necessarily establish the creation by the city of the danger itself. A question of fact is presented upon this point. The court, however, took this question from the jury by charging: "All notices have been given to the city that were necessary." The jury might have refused to find that the icy sidewalk was caused by an affirmative act on the part of the city and then the provision of the charter in respect to written notice

would have barred recovery. Under these circumstances, we think the charge to which exception was taken constitutes reversible error.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.