Hal GILFILEN, Appellant,

v.

CITY OF SEWARD, a Municipal Corporation, Appellee.

No. 15854.

United States Court of Appeals Ninth Circuit.

Jan. 5, 1959.

McLaughlin & Atkinson, Boyko, Talbot & Tulin, Anchorage, Alaska, Edgar Paul Boyko, Los Angeles, Cal., for appellant.

Raymond E. Plummer, Plummer & Delaney, Anchorage, Alaska, Bronson, Bronson & McKinnon, Charles A. Legge, San Francisco, Cal., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

Appellant brought suit against the City of Seward, Alaska, for damages for injuries sustained by him in the month of February 1954 due to a fall on a public sidewalk in that city.

In his complaint he alleged that for a long period of time prior to the date of his fall snow and ice had accumulated upon the sidewalk to such an extent that travel over or upon the walk was insecure and unsafe for pedestrians in that snow and ice had accumulated upon the walk in an irregular shape, and at the time of his fall was packed and frozen, and so elevated, uneven, and ridged as to afford an insecure footing to those walking thereon.

He alleged that the defendant City knew, or by the exercise of ordinary care should have known, of the unsafe condition of the walk, but neglected to remedy the condition. He prayed for damages for his injuries and for the cost of his hospitalization expenses incurred as the result of the fall. He also demanded a jury trial in the cause.

The City answered the complaint, denying the allegations as to the condition of the walk, and alleging affirmative defenses, namely negligence and want of care on the part of the plaintiff. As a further defense it alleged that the walk was in fact in an unsafe condition, as alleged in the plaintiff's complaint, and that the latter had full knowledge thereof, or by the exercise of ordinary care and diligence should have known its condition.

Thereafter counsel for the City took appellant's deposition. Among the various inquiries made of him, counsel said: "You have alleged 'that on the 12th day of February, 1954, and for a long period of time prior thereto, snow and ice had accumulated upon the sidewalk referred to in Paragraph II to such an extent that travel over, across and upon the same was insecure and unsafe for pedestrians in that said snow and ice was accumulated upon said sidewalk in an irregular shape, was packed and frozen and so elevated, uneven and ridged as to afford an insecure footing to those walking upon said sidewalk.' Is that a true statement?" To this interrogation appellant replied in the affirmative.

Later on the City moved for a summary judgment in accordance with the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the records, files, and deposition taken as above showed that the City was under no legal obligation with respect to the appellant to remove "natural" accumulations of ice and snow from its sidewalks, and therefore that the complaint failed to state any cause of action; also, that the appellant, as a matter of law, was guilty of contributory negligence and assumed the risk of whatever injuries he incurred and was consequently precluded from any recovery; hence the City was entitled to summary judgment as a matter of law.

Appellant opposed the motion on the ground, among others, that the question whether or not the accumulation of snow and ice on the walk was a "natural" accumulation is a question of fact for a jury, not a question of law for the court, and that the same is true of the question of assumption of risk.

Following these interchanges the court made findings of fact and conclusions of law, among which were findings or conclusions to the effect that the accumulation of ice and snow on which appellant had slipped was a natural accumulation, that appellant slipped thereon by reason of his own contributory negligence, and that he had voluntarily assumed the risk of injury; hence the City was entitled to summary judgment as a matter of law. Judgment was

entered accordingly, and thereafter was amended in particulars immaterial here. This appeal followed.

 There appears to be no statute or settled rule of law in Alaska in respect of cases of this nature. In the 1955 edition of A.L.R.2d under the caption "Sidewalks" and at 13 A.L.R. 73 the subject is extensively annotated. Generally speaking, it is the rule that where liability is imposed on a city for failure to remove snow from sidewalks, the liability is predicated on negligence. In the absence of statute the law is generally that a city is not liable to pedestrians who slip on sidewalks covered with a smooth sheet of ice or snow. The weight of authority, however, is that if snow and ice are permitted to accumulate on a walk until, either by the passing of pedestrians over it, or otherwise, the surface has become so rough or uneven that it is difficult or dangerous for persons to pass over it, then the city may be liable to pedestrians injured by slipping thereon.

 We need not cite or undertake to discuss the many cases on the subject of plaintiff's contributory negligence in falling on a slippery walk. Enough to say that apart from Illinois, and in a measure Ohio, the general rule of the state courts is that one is not necessarily guilty of contributory negligence in attempting to pass over a walk which he knows to be in a slippery condition. Whether or not the pedestrian has used due care in attempting to cross the walk on which he has fallen is a question of fact for the jury. A consideration of importance in this respect appears to be whether or not alternative routes were available; and this, too, presents a question of fact for the jury.

We conclude that the court below was in error in holding as it did that the City was entitled to judgment as a matter of law. Accordingly, the judgment is vacated and the cause is remanded with directions to afford appellant a jury trial.