Daisy MORRISON, Appellant,

v.

The CITY OF ANCHORAGE, a municipal corporation, Appellee.

No. 385.

Supreme Court of Alaska.

April 3, 1964.

2. Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex.Civ.App.1956).

John M. Savage, Clark & Savage, Anchorage, for appellant.

Harland W. Davis and R. Everett Harris, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

In stepping away from an icy curb and into a street crosswalk in downtown Anchorage, appellant slipped and fell and sustained injuries. After a hearing, based on the pleadings, exhibits and appellant's deposition, the trial court granted appellee's motion for summary judgment.

Appellant's first point is that a genuine issue of fact was created by the rough and uneven conditions of the sidewalk surface caused by the passage of pedestrian traffic over snow and ice. Appellant relies upon Gilfilen v. City of Seward [1] which held the city liable where the surface of accumulated ice and snow was made so rough and uneven by pedestrian traffic that it became difficult and dangerous of passage. Gilfilen no longer states the law for Alaska. In Hale v. The City of Anchorage [2] we disavowed the rule of Gilfilen and held that the city was not negligent for not having taken remedial measures on a sidewalk crossing a curbcut where vehicular traffic had created a very rough and uneven icy surface.

 Photographs taken of the scene on the day of the fall, and admitted by appellant to truly represent the conditions at issue, plainly show that the surface of the sidewalk was not rough and uneven as alleged by appellant in her brief. What may at one time have been an uneven icy surface had obviously been reduced by thawing to an almost smooth but slightly undulating surface over somewhat porous ice. We hold here, as we did in Hale, that the city is not negligent for not having taken remedial measures with respect to natural accumulations of ice and snow on its sidewalks. It follows from what we have said that no material issue of fact existed and the trial court did not err in granting summary judgment.

 The second issue of material fact claimed to have been raised was the condition of the street at the curb where appellant attempted to enter the crosswalk. Appellant testified that slush ice several inches thick laid next to the curb and extended out two or three feet; that she attempted to step over the slush, otherwise it would have come into her boot, and in doing so slipped and fell. The allegation is that the city was negligent in permitting slush ice to collect in the gutter.

Appellant cites Sperti v. Niagara Falls [3] as an analogous authority, although that case involved a clogged gutter which backed water up over the sidewalk and then froze. We do not consider Sperti analogous or persuasive.

The slush ice condition in the gutter complained of by appellant is commonplace in Alaska in the fall and spring. Warm weather sufficient to thaw the surface ice and snow, but not of sufficient duration to clear the storm drains often creates standing pools of slush on street corners. It would be impossible for the city to thaw storm drains and clear the gutters of all water and slush for pedestrian traffic before the water had again frozen into ice and the slush into uneven rough surfaces. The conditions of which appellant complains may even occur in the winter, especially during periods of unseasonably warm weather, as happened in this case shortly before the December 29 injury to the plaintiff. No doubt most of the sidewalks and gutters in the city were as bad or worse than those of which appellant com-

1. 262 F.2d 864 (9th Cir. 1959).

2. Alaska, 389 P.2d 434.

3. 256 App.Div. 547, 11 N.Y.S.2d 36, aff'd. 281 N.Y. 708, 23 N.E.2d 540 (1939).

plained and through no lack of diligence on the part of the city.

The trial court was correct in holding that no material issue of fact was created since the city could not be held guilty of negligence under the circumstances.

The judgment below is affirmed.